## D. W. HARDEE v. CITY OF HENDERSON.

(Filed 12 January, 1916.)

**1. Elections—Municipal Corporations—Bond Issues—Registration—Statutes.**

Where the charter of a city or town provides that for the issuance of bonds an election shall be held "under the rules and regulations presented by law for regular elections," it refers to Revisal, sec. 4323, requiring that the books of registration shall be kept open for twenty days; and construing this section in connection with section 2949, it is *Held,* that the former is for the purpose of a new and original registration, and the latter, in providing for only seven days, is for the purpose of revising the registration books so that electors may be registered whose names are not on the former books.

**2. Same—Appeal and Error—Records—Supreme Court—Findings of Fact.**

Where it is required for an election for the purpose of issuing municipal bonds that the books of registration shall be kept open for twenty

days (Revisal, sec. 4323), but they had been kept open for only seven days (Revisal, sec. 2952); and it appears to the Supreme Court from the record on appeal, though the trial judge has not found the facts, that no elector had lost his vote, but all were registered who desired to be; that the election was fairly held, the registration was well advertised, and the time for each was appointed by law and the order of the commissioners was well known, and the right to register was available to all; that the failure of any to register was not due to the shortness of the time the books were kept open; and that the proposed issuance of bonds was generally acquiesced in by the people without organized opposition, it is *Held*, that this Court will so find the facts to be, and uphold the validity of the bonds.

APPEAL by plaintiffs from *Peebles, J.,* at chambers in VANCE. Civil action, upon a motion for an injunction. Plaintiffs appealed.

*B. H. Perry for plaintiff.*
*Thomas M. Pittman for defendant.*

WALKER, J. The action was brought to enjoin the defendant from issuing or selling any of the bonds to pay for street improvement, its floating indebtedness, and for sewerage purposes, amounting in all to $50,000. An election was held, at which the question of issuing the bonds was submitted to the people and the requisite majority voted in favor of issuing them. There was no irregularity in regard to the election, unless the books of registration were not kept open long enough. Plaintiff contends that they should have been kept open twenty days, under Revisal, sec. 4323, as is provided for general elections in the State. This contention is based upon the ground that the charter of the city of Henderson requires that a special election shall be held "under the rules and regulations prescribed by law for regular elections," and that the words in the quoted passage, "regular elections," mean general elections in the State. The defendant, on the contrary, contends that these words evidently refer to regular elections held in the city under the general law relating to municipal elections (Revisal, ch. 73, sec. 2944, 2966, both inclusive), and that section 2952 of that chapter requires that the registration books shall be kept open for the registration of voters only seven days preceding the appointed day (Saturday before the election) for closing them, Sundays being excepted. Section 2944 of the Revisal, relating to municipal elections, provides that "all elections held in any city or town shall be held under the following rules and regulations," and among these "rules and regulations" will be found section 2952, providing as above set forth in regard to keeping open the books for seven days for the registration of "any new electors" whose names are not on the old and revised book; but this manifestly refers to the revision of the registration books, and not to the case of an entirely new registration, and section 2952 is to be construed with the next preceding section (2951), and when thus considered, it is clear what is meant,

viz., that the shorter period would be sufficient for the registration of the comparatively few new voters, while the registration of the entire electorate might require a longer period, and, therefore, section 2949 provided that where there was such a new, original, or general registration, and not merely a revision of the old book, it should be made under the rules and regulations prescribed for the registration of voters for general elections, the words "general elections" referring not to an election purely local, but to one held throughout the State, when the books are required to be kept open for twenty days. If it was intended to refer to municipal elections, the Legislature would not have used the word "general," but the word "regular," in section 2449, the former word being chosen as having a definite and well understood meaning and as contradistinguished from "local" or "municipal."

But while this is so, we are of the opinion that this case is governed by our recent decision in *Hill v. Skinner*, 169 N. C., 405. The two propositions settled by that case were these:

1. While the law providing for notices of election and the registration of voters is mandatory as to the officers required to give such notice, it is only directory where a fair election has been held and voters were not deprived of their right of suffrage, in which case the failure to give notice is not ground for disturbing the election where the result could not have been otherwise.

2. Though registration books which by law should have been kept open twenty days were kept open only for eight days, the election will not be set aside where there was an extremely large registration and it did not appear that any voters were deprived of their rights or that a longer period of registration would in any way have affected the result.

We attached some importance in *Hill v. Skinner* to the fact that there had been a very large actual registration of voters, but the decision did not turn on that point.

The judge did not find the facts in this case, so it devolves upon us to do so originally, or to state our conclusions of fact to such an extent as is necessary for the purpose of disposing of the appeal.

It appears, and we so find, that no elector has lost his vote by reason of the failure to strictly comply with the law as regards the time for keeping open the books, but that all were registered who deserved to be; that the election was fairly held and the people had a full and free opportunity to express their will upon the question submitted to them; that the election and the registration were well advertised, and that the time for each as appointed by law and the order of the commissioners was well known to the people, and the right to register was available to all who felt interest enough in the election to cast their vote; and, further, that the failure of any one of the voters to register was not due to the shortness of the time the books were open, but to apathy or indif-

ference on his part; that the issue of bonds met with the general acquiescence of the people, and there was no organized opposition to it. These and other facts favorable to the defendants are well supported by the verified answer and affidavits filed, and if they were set out in full, the fairness of the result of the election would more clearly appear, but we do not deem it is necessary to do so. The election was as fair and decisive of the popular will as in *Hill v. Skinner, supra,* or in any of the cases cited therein. See, especially, *Briggs v. Raleigh,* 166 N. C., 149.

We see no error in the judge's ruling, and affirm his judgment.

Affirmed.

HOKE and ALLEN, JJ., dissent.