C. H. MILLER v. DUKE SCHOOL DISTRICT, No. 1, AND E. H. BOST ET AL., SCHOOL COMMITTEE.

(Filed 18 October, 1922.)

**1. School Districts—Elections—Bonds—Taxation.**

    A graded school district, maintained under the general statutory powers given the county board of education, having a duly appointed committee, secretary, and treasurer, etc., is one functioning by legislative authority, and comes within the privilege and power given by statute to hold an election on a specified bond issue and levy a special tax for school purposes. *Paschal v. Johnson*, 183 N. C., 129, cited and applied.

**2. Same—Publication—Newspapers—Statutes.**

    It is now made sufficient, by statutory amendment, so far as the newspaper publication is concerned, for a school district to publish a notice of an election to vote upon the issuance of bonds for school purposes and levy a tax therefor, in some newspaper published in the county, outside of the district, when no newspaper is published therein. Laws 1921, ch. 122.

**3. Same—Preliminary Notice.**

    The preliminary notice of twenty days for a new registration for an election provided by C. S., 5926, applies, under the general election law, to an election called by a school district to vote upon the issuance of bonds by the district for school purposes, and a tax levy to provide for the same.

**4. Same.**

    The failure of a school district to publish the preliminary notice for a new registration of an election to vote upon the issuance of school bonds

and provide for the necessary tax levy according to C. S., 5926, does not invalidate the affirmative result of the election or affect the validity of the bonds or levy, when it appears that the new registration, as well as the election, had been given ample previous notice by publication in a newspaper circulating extensively in the district; by notice posted at the courthouse door, and three other public places therein; and that from a large vote polled only two electors had voted against the proposition, and it does not appear that any had been deprived of his opportunity to vote.

APPEAL by plaintiff from *Daniels, J.,* at September Term, 1922, of HARNETT.

Civil action, submitted on case agreed. The pertinent facts presented in the case agreed are as follows:

1. That the plaintiff is a citizen, resident, and taxpayer of the school district hereinafter referred to.

2. That at the time of the call of the election hereinafter referred to, and for many years prior thereto, that territory within the boundaries set forth in Exhibit "B" hereto attached being located within Duke Township, Harnett County, and constituting the major part of said township, had been a school district formed by the board of education under its general powers and named and designated by said board under its general policy and practice Duke School District, No. 1, in which district there had been maintained for a number of years, under the auspices of the board of education of Harnett County, a graded school, teaching all branches from the elementary grades to and including the high school grades; that said district, prior to the election hereinafter referred to, had never voted for a special tax, and no special tax had theretofore been levied therein, nor had an election ever been held in said district for any purpose.

3. That prior to and at the time of the election hereinafter referred to, the individual defendants, E. H. Bost, E. C. Geddie, and A. F. Fowler, having been duly appointed by the board of education of Harnett County, constituted the committee of said school district, and since said election R. S. Kelly has by said board been added, and said four defendants now constitute the committee of said district, of whom E. H. Bost is chairman and R. S. Kelly secretary and treasurer, which positions respectively were held at the commencement of the proceedings leading to the election hereinafter referred to by E. H. Bost and R. S. Kelly.

4. That at a regular meeting of the board of commissioners of Harnett County, held on Monday, 1 May, 1922, the committee of said district, as then constituted, filed a petition executed by them before said board praying said board to call a special election to be held in said school district on 15 June, 1922, for the purpose of voting upon the question of issuing not exceeding $75,000 of serial bonds of said school district, and

levying a sufficient annual tax to pay the same under the provisions of Laws 1920, ch. 87, Extra Session, a copy of which petition is hereto attached and marked Exhibit "A." ··

5. That at said session of the board of commissioners there was also filed with said board a petition of more than one-fourth of the freeholders residing in said school district, praying said board for an election to ascertain the will of the people within said district whether there should be levied in said district special annual tax of not more than 30 cents on the $100 valuation of property, and 90 cents on the poll to supplement the public school fund, which may be apportioned to said district by the county board of education, which petition was duly endorsed by the county board of education, which petition and its endorsement by the board of education of Harnett County is hereto attached and marked Exhibit "B."

6. That thereupon, at said session of the board of commissioners of Harnett County, said board adopted a resolution calling an election to be held in said district on 15 June, 1922, upon both of said questions, and appointing in said resolution a registrar and judges for the purpose of holding said election, and ordering a new registration of voters therefor, a copy of which resolution is hereto attached, marked Exhibit "C."

7. That said election was duly held on the day designated by the board of commissioners, and each of said issues was carried affirmatively, and upon returns being made to the board of commissioners of Harnett County said board canvassed said returns and judicially declared the result thereof as set forth in the minutes of said board, a copy of the board's said action, as recorded in the minutes of said board, being set forth in a copy thereof hereto attached, marked Exhibit "D," and said board caused a notice of the result of said election to be duly published.

8. That there is no newspaper published within the school district aforesaid, but the board of commissioners caused a notice of said election to be published in the *Dunn Dispatch,* a newspaper published in the town of Dunn, Harnett County, State of North Carolina, in issues of said paper dated respectively 9 and 16 May, 1922, and marked Exhibit "E." Said notice was also published for more than thirty days prior to said election by the same being posted at the courthouse door and three public places in said school district, and, in addition thereto, the registrar appointed for said election caused to be posted at the courthouse door in Harnett County, and at three public places in said school district, a notice of registration, a copy of which is hereto attached and marked Exhibit "F."

9. That there is taxable property within said school district of the assessed value for the year 1921, $2,628,186.

10. That the defendants, constituting school committee, have elected a chairman and a secretary and treasurer, and are about to adopt a common or corporate seal of said district, and have announced their purposes, and are now making preparation to issue serial bonds in the name of said Duke School District, No. 1, to the amount of $75,000, under the provisions of Laws 1920, ch. 87, Extra Session, as amended, and to request the commissioners of Harnett County to levy annually a sufficient tax to pay the principal and the interest accruing upon said bonds as the same shall become due, and have announced their intention of offering said bonds upon the general market for sale to obtain funds with which to erect school buildings for said district, a contract for the erection of which has already been entered into and pursuant to said contract the erection of one school building for said district has already been begun.

### CONTENTIONS OF PARTIES.

Upon the foregoing facts, the plaintiff contends that said district, and the committee of said district, are without authority to issue said bonds; that the same, if issued, will be illegal and void, and, therefore, prays that the defendants be perpetually enjoined from issuing and offering said bonds for sale, and for such other and further relief as the plaintiff may be entitled to.

Upon said facts the defendants contend that the defendants have full and legal authority to issue said bonds, and to offer the same for sale for the purposes for which they are about to be issued; that said bonds, when issued and sold, will be legal and binding obligations upon said district, and they therefore pray the court that it may so adjudge, and for such other and further relief as to the court may seem mete and proper.

As a part of Exhibit "D," embraced in these findings, it appears that there were 264 votes in the district duly registered and qualified to vote in said election, and in same there were cast: for bond issue, 236 ballots; against bond issue, 2 ballots; for special tax, 235 ballots; against special tax, 2 ballots.

Upon these facts the court entered the following judgment:

"This cause coming on to be heard before his Honor, F. A. Daniels, judge, at chambers, in the city of Smithfield, and being heard upon an agreed statement of facts submitted to the court, and the court being of the opinion that upon said facts the defendants are authorized to issue and sell the bonds therein set forth, and that said bonds when issued will be legal and binding obligations of the defendant district:

"It is therefore considered, ordered, and adjudged that the plaintiff's prayer for injunctive relief be and the same is hereby denied, and that the defendants be and they are hereby authorized to issue and sell the

bonds of said district, as set forth in said agreed statement of facts and as authorized by Laws 1920, ch. 87, Extra Session, as amended.

"This 26 September, 1922.                    F. A. DANIELS, *Judge.*"

Plaintiff excepted, and appealed.

*Clarence J. Smith for plaintiff.*
*Clifford & Townsend for defendants.*

HOKE, J.   We concur in his Honor's decision that no valid objection has been made to appear to this proposed bond issue, and the special tax to provide for the same.

As we understand his position, appellant excepts first that no corporate authority has been shown in the school district or its governing body to justify and uphold a measure of this character.   In the recent case of *Paschal v. Johnson,* 183 N. C., 129, the various statutes appertaining to this subject were carefully considered, and it was there held that every school district functioning by proper legislative authority, and having a governing body, whether by trustees, committee, or other, would properly come within the privilege and power of holding an election on a specified bond issue and levying a special tax to provide for same.   Speaking to the question, the Court, in the opinion, said:   "And in ch. 87, Public Laws, special session, 1920, it is enacted that the board of trustees of any school district in this State is authorized to issue bonds for special school purposes where the measure is properly approved by the voters at an election held as the law provides.   In section 9 of this statute the term 'school district' is defined to include every graded school district, high school district, township, or other school district in this State, and the term 'board of trustees' shall include the principal administrative or governing body of a school district by whatever name called. And that there may be no uncertainty to arise from the use of these broad and inclusive terms, ch. 224, Laws of 1921, superadds to 'governing body' the words 'or school committee,' thus extending the provisions of the act to these school districts, which were then in charge of local school agents under the direction of the county board of education." This case, in our opinion, is decisive against this objection of appellant.

In regard to the notice of the election, Laws 1920, ch. 87, provided that same should be published in a newspaper published in the district, but this provision was amended by Laws 1921, ch. 122, so as to provide "that if no newspaper is published in the school district, then in some newspaper published in the county in which the school district is located," and as we understand the record, the statutory requirements as to notice of the election have been strictly complied with.

And as to the preliminary notice of a new registration, the general statute on the subject, C. S., 5926, provides for such a notice of 20 days, and in the absence of any contrary provision in the special law, chapter 87, it would seem that the general law on the subject should prevail. *Comrs. v. Malone,* 179 N. C., 10. But where, as in this case, it appears that a notice of the election and of the new registration were published twice in a newspaper of general circulation in the district, and a written notice was also posted at the courthouse door in the county, and at three public places in the district for two weeks prior to the opening of the registration books, and that these books were kept open at the proper place from 15 May till 3 June prior to the election on 15 June, 1922, and there is no claim or suggestion that there was not a full registration of the voters, or that any voter in the district was denied opportunity to register and to cast his ballot. And that out of a total qualified and registered vote in the district of 264, there were 236 votes for the bonds, with two opposed, and 235 for special tax, with only two opposed, our decisions fully justify us in holding that the technical failure to give this preliminary notice of registration for the full twenty days should not be allowed to affect the result or defeat what is clearly a full and fair expression of the voters' will. On authority, this objection also must be overruled. *Hammond v. McRae,* 182 N. C., 747-752; *Comrs. v. Malone,* 179 N. C., 10; *Hill v. Skinner,* 169 N. C., 411.

We find no error in the record, and the judgment in denial of plaintiff's application and upholding the validity of the bonds and special tax is

Affirmed.