J. B. MORRIS v. BOARD OF TRUSTEES OF THE NEWTON GRADED SCHOOL DISTRICT.

(Filed 29 November, 1922.)

**1. Schools—Elections—Taxation—Statutes.**

An election held under the provisions of the act of 1920, ch. 87, authorizing the board of trustees of any school district to issue bonds for erecting, enlarging, altering, and equipping of school buildings, acquiring lands therefor, etc., and annually to levy a tax, etc., sufficient in amount to pay the maturing principal and interest, will not be held invalid because the question was submitted upon levying a limited tax, when it appears that the levy submitted is at present sufficient to meet the requirements of the act authorizing the election, and there is no valid reason shown that it will ever be insufficient for the purposes intended.

**2. Same—Notice—Purpose of Election.**

An election called under the provisions of the act of 1920, ch. 87, authorizing the trustees of any district to issue bonds for certain school purposes, will not be declared invalid upon the ground that the notice given had not stated the purpose for which the election was held, when it stated that it was for the purpose of issuing serial bonds not exceeding a certain amount, and of levying the special tax, specifying the act under which it was proposed to issue them; and there is nothing to indicate that any voter was misled or misinformed, and the election was carried with practical unanimity.

**3. Schools—Elections—Taxation—Registration—Notice—Bonds.**

In this suit to enjoin the issue of bonds for certain school purposes in accordance with the act of 1920, ch. 87, *it is held*, that objection that a proper notice for the new registration of voters was not given cannot be sustained, it appearing that the notice thereof was previously published in a newspaper in the district for five successive weeks, and there was no evidence or finding of fact that any elector was prevented from registering on account of want of notice, or deprived of the right to vote on that account.

APPEAL by plaintiff from *Webb, J.,* at chambers, 3 November, 1922, from CATAWBA.

Controversy without action, heard on plaintiff's motion to enjoin the issuance of school bonds and the levy of a special tax. Judgment for defendant. Plaintiff appealed.

*J. L. Morehead for plaintiff.*
*Wilson Warlick for defendant.*

PER CURIAM. The Newton Graded School District was established by an act of the Legislature in 1907. Private Laws 1907, ch. 39, sec. 104. At the session of 1920 an act was passed authorizing the board of

trustees of any school district to issue the bonds of such district for the purpose of erecting, enlarging, altering, and equipping school buildings and acquiring land for such buildings, or for either of these purposes, and annually to levy a special tax *ad valorem* on all taxable property in the district sufficient in amount to pay the maturing principal and interest. On 5 June, 1922, the board of commissioners of Catawba County ordered that a special election be held in the Newton Graded School District on the question of issuing bonds in the sum of $100,000, and of annually levying a special tax to pay the principal and interest. The commissioners ordered a new registration of the qualified voters of the district and directed that the registration books should be opened on Monday, 12 June, and closed on Saturday, 1 July. A majority of the qualified voters voted in favor of the bonds, and the result of the election was duly declared and published. The trustees of the graded school district announced their purpose to issue the bonds authorized in the election so that four bonds of $1,000 each should mature annually in the years 1924-1946 inclusive, and eight bonds in the year 1947. The assessed valuation of the taxable property in the graded school district for 1921 was $3,943,406, and for the current year it is $4,099,949.

His Honor rendered judgment denying the plaintiff's petition for injunctive relief, and declaring that the defendant is authorized to issue and to sell said bonds.

The plaintiff excepts to the judgment on the ground that the act under which the election was held provides that the special tax shall be in an amount sufficient to pay the principal and interest of all bonds issued under the act as such principal and interest become due, and that in the election the special tax was limited to 25 cents on property valued at $100. The plaintiff contends that the question of levying a limited tax was illegal in itself, and having been submitted in connection with the question of issuing bonds rendered the election void. It is admitted that the proposed levy is at present sufficient to meet the requirement of the act authorizing the election, and there is no valid reason for assuming that it will ever be insufficient for the purpose intended. We should hesitate to hold an election invalid by reason of the mere possibility of a contingency which may never occur. Besides, it is strongly intimated in *Trustees v. Pruden,* 179 N. C., 618, that in any event the provisions of the statute would be controlling.

The second ground of exception is the alleged failure of the board of commissioners to state in their notice the purpose for which the election was to be held. The notice specifically states that the special election was to be held for the purpose of determining the question of issuing not exceeding $100,000 of serial bonds of the graded school district, and of levying the special tax, and particularly refers to the act (Public

Laws 1920, ch. 87) which prescribes the purposes for which the bonds were to be issued. There is nothing in the record to indicate that any voter was misled or misinformed as to the purpose of the bonds. Indeed, the practical unanimity of sentiment on the part of the voters would seem clearly to show that the purpose for which the bonds were to be issued was not only understood, but fully approved. *Keith v. Lockhart,* 171 N. C., 451.

The plaintiff further excepts to the judgment on the ground that proper notice of the new registration of voters was not given. The record shows that notice of the election and new registration was given in a newspaper published in the school district on 6, 13, 20, 27 June, and 4 July. It is not suggested that any elector was prevented from registering on account of any want of notice that a new registration had been ordered, and in the absence of evidence or a finding of fact we cannot assume that any one was deprived of the right to vote in the election. *Hardee v. Henderson,* 170 N. C., 572; *Hill v. Skinner,* 169 N. C., 407; *Miller v. School District, ante,* 197; 113 S. E., 786.

The judgment is

Affirmed.