HENRY G. FLAKE ET AL. v. BOARD OF COMMISSIONERS OF ANSON COUNTY ET AL.

(Filed 24 November, 1926.)

1. **Schools—Taxation—County-wide Plans—Statutes—Elections — Notice —Bond Issues.**

Where a county-wide plan of education has been duly adopted under the provisions of our statute, 3 C. S., 5481, and an existing school district has been added to others in the formation; and upon a proper petition the board of county commissioners have duly ordered an election to ascertain the will of the voters upon the question of issuing bonds for school purposes therein, the result of the election approving the issuance of the bonds, will not be impaired upon the ground that notice of the election was only published twice in a newspaper, when the statute

requires its publication three times, by reason of the fact that the notice of the election and that of registration were published in the same issue of the newspaper, and therefore not thus given thirty days at least before the election, when there is no suggestion that the election would have been changed.

**2. Same—Mandatory and Directory Statutes.**

Under our statute requiring the publication of notice three times in a newspaper published in a county, the first at least thirty days before an election to ascertain whether the electors of a school district approved the issuance of bonds therein for school purposes: *Held*, the requirements of the statute as to the first publication in a newspaper, etc., and the giving of the specified time are mandatory if they affect the merits of the election, and directory if they do not.

**3. Same—Technical Error of Publishing Notice as to the Statute.**

Where the board of county commissioners has ordered an election to be held in a new school district created under the provisions of 3 C. S., 5481, the validity of the election approving the issuance of the bonds will not be necessarily affected by the fact that the commissioners determined that the election should be held under the provisions of one valid statute, and the published notice erroneously stated it was to be held under a different one.

**4. Same—Questions of Law—Issues—Jury.**

Where it appears from the judgment and the record on appeal that the issuance of school bonds for a certain new district were not invalid for the failure to publish the notice of the election in three issues, the first at least thirty days before the time of election, as a matter of law, no issue upon this question is raised that requires the determination of a jury. Instances where such districts are consolidated, distinguished.

APPEAL by plaintiffs from *Finley, J.,* who vacated an order restraining the collection of a tax for schools in the Polkton Consolidated Special School District. From ANSON. Affirmed.

*Barrington T. Hill for the plaintiffs.*
*Robinson, Caudle & Pruette and McLendon & Covington for defendants.*

ADAMS, J. The Legislature has prescribed the method by which the county boards of education may adopt a county-wide plan for the organization of the schools in their respective counties. 3. C. S., 5481; Public School Law, sec. 73-a. The plan was duly adopted by the board of education in Anson County on 21 July, 1924. *Harrington v. Comrs.,* 189 N. C., 572. At this time the board had under consideration the consolidation of the Brown Creek District and the Wadesboro Special Charter District, but some time afterwards it learned that the trustees of the latter district would not consent to the consolidation. For this reason it was thought advisable to modify the adopted plan of organiza-

tion with a view to forming another district which should include the Brown Creek District and the Polkton District. After due notice the county board of education held a meeting on 24 June, 1925, attended by committeemen and patrons in which there was a general discussion of the proposed change. Another meeting was held on 6 July, 1925, and the board then created and defined the boundaries of a school district known as the Polkton Consolidated Special School District, including in addition to other territory the Brown Creek District and the Polkton District. 3 C. S., 5481; Public School Law, 73-a; Public Laws, Ex. S., 1924, ch. 121, sec. 2. After the modification was made and the new district was created a petition signed by the requisite number of qualified citizens was presented to the board of education asking that an election be held in the district to ascertain whether there should be levied therein a local annual tax not to exceed fifty cents on the one hundred dollars valuation of property to supplement the funds for the six months term. Pursuant to an order of the board of county commissioners an election was held in the new district on 12 September, 1925, and a majority of the qualified voters favored the special tax. The bonded indebtedness of $1,500 outstanding against the Polkton School District was assumed by the county board of education; and in reference to the other territory (included in the Polkton Consolidated Special School District) in which a special tax had been voted, it was stated in the petition and in the notice of the election that if the proposed tax was voted all former taxes should thereby be voted off. 3 C. S., 5659; Public School Law, sec. 238; *Harrington v. Comrs., supra; Causey v. Guilford, ante,* 298, 311.

When the case came on for hearing the judge not only dissolved the restraining order, but adjudged that the Polkton Consolidated Special School District had been created in accordance with law; not only that the election had been lawfully conducted, but that the result authorized the levy of the tax. This judgment the plaintiffs have assailed on three grounds: (1) Notice of the election was published in a newspaper not three times, but only two. (2) In the published notice it was said that the election would be held by virtue of a statute different from that applicable to school districts. (3) The territory in which the election was held had not been consolidated into one school district and the proposed tax could not properly be levied.

1. The statute provides that notice of the election shall be given by publication at least three times in some newspaper published or circulated in the territory; that the first publication shall be at least thirty days before the election; that a new registration shall be ordered and that notice of registration may be considered one of the three notices of the election. The notice of the election and the notice of registra-

tion were published at the same time, and the plaintiffs say that one notice cannot be disjoined from the other with the effect of making them two notices instead of one, thus leaving only two published notices. of the election. If this be granted the election is not thereby necessarily invalidated. There is no suggestion that any elector was deprived of his vote or that the result would have been changed if the publication had been made in different issues of the paper. If a statute simply provides that certain things shall be done within a particular time or in a certain way and does not declare that their performance is essential to the validity of the election, they will be regarded as mandatory if they affect the merits of the election and directory if they do not. McCrary on Elections (3 ed.), sec. 190, cited with approval in *Hill v. Skinner*, 169 N. C., 405. Under circumstances somewhat similar to those presented in the case before us the Court remarked that our decisions fully justify us in holding that the technical failure to give notice for the full prescribed time should not be allowed to affect the result or to defeat what is clearly an expression of the popular will. *Miller v. School District*, 184 N. C., 197. See, also, *Newsom v. Earnheart*, 86 N. C., 391; *DeBerry v. Nicholson*, 102 N. C., 465; *Davis v. Board of Education*, 186 N. C., 227; *Plott v. Comrs.*, 187 N. C., 125.

2. The petitioners requested an election under Public Laws 1923, ch. 136, Art. 17; the board of commissioners ordered that an election be held under this article; the published notice referred to an election to be held under chapter 135 instead of 136. This, as pointed out in the judgment, was a typographical error which did not invalidate the petition, the order, or the election.

3. The third ground of exception is that the districts were not legally consolidated; that there can be no legal consolidation except in conformity with the county-wide plan; that committeemen and patrons filed affidavits that they had no notice of the intended change, and that though it is declared in the judgment that they did receive the notice the matters in dispute should have been submitted to a jury.

The county board of education did not attempt to consolidate districts; it created a new district. 3 C. S., 5481. The plaintiffs insist that this action was void because proper notice of the meeting had not been given; but there is evidence that the committeemen and patrons were notified and that at the hearing the Brown Creek District was represented by a committee in a general discussion of the proposed modification. And then at the adjourned meeting a delegation from the same district, including some of the committeemen, was present. Upon the evidence the judge found as a fact, and set forth in his judgment, that due notice of the meeting had been given; and as the district was fairly represented in more than one meeting held before the new district

38—192

was created we see no sufficient reason to reverse or modify this conclusion, even if there was an irregularity in the publication of the notice. The intervention of a jury was not necessary to determine the questions presented. The motion to continue the restraining order was heard upon the pleadings and affidavits, the plaintiffs taking the position that upon the admitted facts the tax should have been declared illegal and the injunction made permanent. As to the one or two remaining questions reference may be made to *Causey v. Guilford, supra; Harrington v. Comrs., supra; Blue v. Trustees,* 187 N. C., 431. The judgment is

Affirmed.