JESSE J. GREEN AND MRS. ALMA GRUBB v. THURMAN BRIGGS, CHAIRMAN; FLETCHER H. WALL, MEMBER; PAUL HARRIS, MEMBER, OF THE COUNTY BOARD OF ELECTIONS OF DAVIDSON COUNTY.

(Filed 11 April, 1956.)

1. Appeal and Error § 6—

Where an election sought to be restrained has been held pending the appeal, whether the lower court erroneously refused to restrain the election is moot and will not be considered.

2. Elections § 6½ —

The performance of certain acts within a particular time or in a particular manner in accordance with statutory provision is essential to the validity of an election when the statute so provides, but when the statute does not so provide, such provisions will usually be deemed directory, and technical failure to observe them will be treated as a mere irregularity not essential to the validity of the election when such failure has no bearing whatever on the outcome of the election and is not prejudicial to anyone.

3. Elections § 9—

The failure of the Board of Elections to give statutory notice of its release of petition forms for the calling of a beer and wine election, G.S. 18-124, when the release of such forms is promptly given wide publicity by press and radio, will not invalidate the election, there being a substantial compliance with the requirement of the statute, and the failure of statutory notice not being prejudicial.

4. Same—

The statutory requirement that a beer and wine election should be called within thirty days of the date of the return of the petitions, G.S. 18-124, is for the benefit of the proponents of such election, and when there is valid reason for delay and such delay does not prejudice the rights of anyone or affect the outcome of the election, opponents of the election may not complain thereof.

DEVIN, J., took no part in the consideration or decision of this case.

APPEAL by plaintiffs from *Johnston, J.,* in Chambers, at Winston-Salem, on 13 January, 1956. From DAVIDSON.

Civil action instituted for the purpose of restraining a Beer and Wine election.

In June 1955, parties who were interested in the calling of a Beer and Wine election in Davidson County, in accordance with G.S. 18-124, requested the defendant Board of Elections to prepare and deliver to them forms to be used in securing the signatures of qualified voters in Davidson County requesting the calling of such an election. The defendant Board thereupon granted the request and caused forms to be printed for this purpose. The petition forms were dated 20 June, 1955, and were actually delivered to the proponents of the election on 6 July, 1955, at which time the defendant Board of Elections gave notice thereof through the public press but not in the form of a legal advertisement. Wide publicity was given to the delivery of the petition forms through all the newspapers, radio and other public media in Davidson County.

About 2:30 p.m. on 17 September, 1955, a large number of the petition forms were returned to the Board of Elections, which forms bore the signatures of 5,683 persons. At a later hour on the same day, and on succeeding days, additional petition forms were returned to the Board carrying the signatures of 338 persons.

At the time the above petition forms were delivered to the Board there was then pending a bond election in Davidson County which was held on 18 October, 1955. On 22 September, 1955, the registration books were delivered by the Board to the local registrars for the purpose of having a registration on the bond election.

On 20 October, 1955, the registration books were returned by the local registrars to the Board. It was impossible for the Board to check the signatures on the petitions against the registration until after the books were returned to it following the bond election, but as soon as the books were returned, the Board began a careful check of the signatures on the petitions against the registration. This check was completed on 17 November, 1955, and revealed that the number of valid signatures on the petitions submitted to the Board at 2:30 p.m. on 17 September, 1955, exceeded fifteen per cent of the number of persons who had voted in Davidson County, North Carolina, for Governor in the last preceding election. The Board thereupon, on 17 November, 1955, called for a Beer and Wine election to be held in Davidson County on 28 February, 1956. Proper legal notice calling the election was given by the Board.

The plaintiffs, citizens and taxpayers of Davidson County, instituted this action on 14 December, 1955, and obtained an order directing the defendants to appear before the judge holding the courts of the Twenty-second Judicial District, in Chambers, at the courthouse in Winston-

Salem, North Carolina, on 13 January, 1956, at 10:00 a.m., to show cause, if any, why they should not be enjoined and restrained from holding the Beer and Wine election called for 28 February, 1956.

When the cause came on for hearing, the defendants demurred to the complaint, challenging the sufficiency thereof to support an order for the relief sought. The findings were based on the allegations of the complaint, the answer, and the affidavits submitted by the respective parties. From the facts found, the court concluded as a matter of law that the plaintiffs were not entitled to a restraining order and denied the motion therefor, sustained the demurrer and dismissed the action. Plaintiffs appeal, assigning error.

*Wade H. Phillips and T. H. Suddarth, Jr., for plaintiff appellants.*
*Paul R. Ervin and Beamer H. Barnes for defendant appellees.*

DENNY, J. The election held on 28 February, 1956, resulted in the prohibition of the sale of beer and wine in Davidson County by a vote of more than three to one. Therefore, the question involved in this appeal with respect to the refusal of the court to enjoin the defendants from holding the election is now moot and will not be considered. *Austin v. Dare County,* 240 N.C. 662, 83 S.E. 2d 702; *Surety Corp. v. Sharpe,* 233 N.C. 644, 65 S.E. 2d 137; *Saunders v. Bulla,* 232 N.C. 578, 61 S.E. 2d 607; *Penland v. Gowan,* 229 N.C. 449, 50 S.E. 2d 182; *Nance v. Winston-Salem,* 229 N.C. 732, 51 S.E. 2d 185; *Eller v. Wall,* 229 N.C. 359, 49 S.E. 2d 758.

The plaintiffs alleged in their complaint that if the election should be held and the legal sale of beer and wine prohibited as a result of such election, these "plaintiffs and other citizens and taxpayers of Davidson County lawfully engaged in the sale of beer and wine would be caused to suffer large and irreparable property and monetary loss and damage for which they would have no adequate remedy at law." This we do not concede. *Jarrell v. Snow,* 225 N.C. 430, 35 S.E. 2d 273; 18 Am. Jur., Elections, section 117, page 255. However, the plaintiffs further allege the election is null and void for that the defendants failed to comply with the provisions of G.S. 18-124 in the following respects: (1) That the defendant Board failed to give public notice of the fact that the petitions for a Beer and Wine election were being circulated; and (2) that the Board failed to call the election within thirty days from the date the petitions for the election were returned to the defendant Board, citing *Ferguson v. Riddle,* 233 N.C. 54, 62 S.E. 2d 525.

It is provided in subsection (a) of G.S. 18-124, "For the purpose of determining whether or not wine or beer or both shall be sold . . .

within . . . any county . . . an election shall be called when, and only when, the conditions of this article are complied with."

It is the general rule in this jurisdiction where a statute expressly declares any particular act is essential to the validity of an election, or that its omission shall render the election void, the provisions of the statute will be enforced. But where the statute simply provides that certain acts or things shall be done, within a particular time or in a particular manner, and does not declare that their performance is essential to the validity of the election, such provisions will be deemed as directory only and will not affect the merits of the election. *Hill v. Skinner*, 169 N.C. 405, 86 S.E. 351.

We construe the provisions of subsection (a) of G.S. 18-124 to mean that all conditions contained in Article 11 of Chapter 18 of the General Statutes of North Carolina, which are essential to the conduct of a fair and impartial election, must be observed. But the failure to observe the strict letter of a provision in an act authorizing the calling of an election, which failure is not alleged to have been prejudicial to anyone, nor to have had any bearing whatever on the outcome of the election, will be treated as a mere irregularity and such election will not be invalidated thereby. *DeBerry v. Nicholson*, 102 N.C. 465, 9 S.E. 545, 11 Am. St. Rep. 767; 10 A. & E. Enc., 2nd Ed., Elections, page 766; 18 Am. Jur., Elections, section 110, page 248, *et seq.*

The requirement that public notice be given by the Board of Elections upon the release of the petition forms could serve no useful purpose, save that of notifying all interested citizens in the county that petitions were going to be circulated in an effort to have an election called to determine whether or not the legal sale of beer and wine would be continued in the county. We cannot conceive, in light of the evidence disclosed by the record, how it would have been possible for this fact to have been more widely publicized in Davidson County than it was immediately after the release of the petition forms. Simultaneously with the release of the petition forms, the Board gave a news release of its action to a representative of the *Lexington Dispatch,* which paper carried in its issue of 6 July, 1955, a two-column story about the release of the petitions, with headlines pertaining thereto across its front page. The next day, the *Thomasville Tribune* carried a two-column story on its front page, announcing that the petitions had been delivered to the representatives of the Davidson County Ministerial Association and were ready to be signed. Wide publicity of the release of the petition forms was given in every newspaper in the county and over the radio. We hold that the Board's action in this respect was a substantial compliance with the requirement of the statute. Furthermore, we cannot conceive how anyone could have been prejudiced in his rights by the

failure to give this notice in the form of a legal advertisement.    To hold that the election held on 28 February, 1956, is null and void for failure to give public notice in the form of a legal advertisement of the release of the petition forms, in view of the general publicity given such release, could not be justified either legally or morally.    This view is in accord with numerous decisions of this Court.    *Forester v. N. Wilkesboro*, 206 N.C. 347, 174 S.E. 112; *Penland v. Bryson City*, 199 N.C. 140, 154 S.E. 88; *Glenn v. Culbreth*, 197 N.C. 675, 150 S.E. 332; *Monteith v. Com'rs. of Jackson*, 195 N.C. 71, 141 S.E. 481; *Flake v. Com'rs.*, 192 N.C. 590, 135 S.E. 467; *Plott v. Com'rs.*, 187 N.C. 125, 121 S.E. 190; *Miller v. School District*, 184 N.C. 197, 113 S.E. 786; *Hammond v. McRae*, 182 N.C. 747, 110 S.E. 102; *Riddle v. Cumberland*, 180 N.C. 321, 104 S.E. 662; *Com'rs. v. Malone*, 179 N.C. 604, 103 S.E. 134; *Com'rs. v. Malone*, 179 N.C. 10, 101 S.E. 500; *Hardee v. Henderson*, 170 N.C. 572, 87 S.E. 498; *Hill v. Skinner, supra.*

As to the failure of the Board to call the election within thirty days of the date of the return of the petitions, we hold that this provision was inserted in the law for the benefit of the proponents of the election. Had there been no valid reason for the delay in calling the election, the proponents might have moved for a *mandamus* after the expiration of the thirty days.    However, the reason for the delay was a valid one. Moreover, it is not alleged in the complaint that any citizen or voter in Davidson County was prejudiced in his rights by the delay in calling the election or that the outcome of the election was affected in any way whatsoever by reason thereof.

The ruling of the court below in sustaining the demurrer will be upheld and the judgment entered

Affirmed.

DEVIN, J., took no part in the consideration or decision of this case.