JAMES W. STARBUCK, ALBERT CIANCIOSE, WILLIAM E. SINGLE-
TON, DONALD G. GARDNER AND VERNON A. CARPENTER AND ALL
OTHER CITIZENS, TAXPAYERS, QUALIFIED ELECTORS OR RESIDING OR OWNING
PROPERTY IN THAT PARTICULAR AREA OR TERRITORY HEREINAFTER DESCRIBED
AS THE TOWN LIMITS OF THE TOWN OF HAVELOCK WHO WILL COME IN,
MAKES THEMSELVES PARTIES AND CONTRIBUTE TO THE EXPENSE OF THIS
ACTION, v. THE TOWN OF HAVELOCK, GEORGE GRIFFIN, MAYOR;
CLAY WYNNE, COMMISSIONER; JESSE LEWIS, COMMISSIONER; NOR-
WOOD SANDERS, COMMISSIONER; IRVING BECK, COMMISSIONER.

(Filed 16 June, 1961.)

**1. Appeal and Error § 36—**

While motion for diminution of the record will lie to correct the record
and make it conform to what transpired in the lower court, such motion
will not lie when it is sought to correct stipulations, not on the ground
that the stipulations were not as filed in the lower court, but on the
ground that they did not state what movant intended.

**2. Elections § 10—**

An election will not be disturbed for irregularities which are insuf-
ficient to alter the result, and the stipulations of the parties in this
case, together with the lack of evidence of any irregularities sufficient to
disturb the result, warrant nonsuit, other questions have been rendered
moot by an act of the General Assembly.

APPEAL by plaintiffs from *Campbell, J.,* October-November, 1960
Civil Term, CRAVEN Superior Court.

Civil action by the plaintiffs, citizens and taxpayers of the Town
of Havelock, Craven County, against the mayor and commissioners to
have the court declare the election of officials and the adoption of
the incorporation invalidated for failure to conduct the election ac-
cording to the requirements of the incorporating Act, Ch. 952, Ses-
sion Laws of 1959. For further details, see *Starbuck v. Havelock,* 252
N.C. 176, 113 S.E. 2d 278. After the opinion in that case was handed
down, the plaintiff amended the complaint by making the Craven
County Board of Elections an additional party defendant and alleging
(1) a proper notice of the election was not given; (2) "the election
officials and the polling places were not designated by notice," (3)
"the election was conducted outside the area to be incorporated," (4)
"the election officials incorrectly, ill-advisedly, and illegally disqualified
a large group of citizens in the military service from applying to
register by false statements given to the press," (5) that the individual
defendants, mayor and commissioners are attempting to carry out
the municipal functions, making contracts, incurring debts, setting
up a budget, and collecting taxes. The prayer is that the election be
declared void.

The evidence disclosed the corporate limits of Havelock as fixed by Ch. 952, Session Laws of 1959, did not include all of Township No. 6 (Cherry Point voting precinct) but that the registration books were kept open and the election was held in the Havelock Elementary School building located just across the street but outside the corporate limits. However, all recent regular elections were held in this same building and all the voters of the Cherry Point precinct were accustomed to vote there.

The evidence further disclosed that some members of the Armed Forces located at Cherry Point did not attempt to register and vote because of reports military personnel situated within the limits under military orders were not entitled to vote. There was no evidence that more than two or three attempted to register.

The parties stipulated:

"9. The call for the election to effectuate an incorporation and elect a Mayor and five Commissioners for the Town of Havelock was carried out as directed by Sections 4, 5 and 6 of Chapter 952 of the Session Laws of 1959.

"10. The Craven County Board of Elections named the registrars and judges of election, location of polling place, time for registration, date of elections and hours of voting as directed by Section 4 and Section 6 of Chapter 952 of the Session Laws of 1959."

At the conclusion of the plaintiffs' evidence the court entered judgment of nonsuit, from which the plaintiffs appealed.

*Charles L. Abernethy, Jr., for plaintiffs, appellants.*
*A. D. Ward, Kennedy W. Ward, for Town of Havelock, et al, defendants, appellees.*
*Laurence A. Stith, for Craven County Board of Elections, defendants, appellees.*

HIGGINS, J.   The plaintiffs filed a motion here to correct "stipulations nine and ten as reported in the statement of facts," not upon the ground the stipulations are not as filed in the court below, but on the ground they do not state what the plaintiffs intended to agree to. Motions suggesting diminution of the record on the ground the case on appeal does not conform to the record below will lie, but when the stipulations are filed with the court below and are correctly certified here, we are bound by them. Moreover, a successful challenge to an election must show that irregularities occurred which were suf-

ficient to upset the result. *Overton v. Commissioners,* 253 N.C. 306, 116 S.E. 2d 808.

Stipulations 9 and 10, together with the lack of evidence of any irregularities sufficient to disturb the result, required nonsuit. The questions otherwise are rendered moot by an Act of the General Assembly ratified April 18, 1961, entitled, "An Act to Ratify and Validate the Creation of the Town of Havelock and to Confirm and Validate the Acts of the Mayor and Commissioners of Said Town."

On the basis of the record here, the nonsuit in the court below is
    Affirmed.