IN RE: ELECTION OF CLEVELAND COUNTY COMMISSIONERS: PROTEST
OF BOBBY CRAWFORD

No. 8127SC580

(Filed 2 March 1982)

1. **Elections § 10— contested election—space between names on ballots—violation not requiring new election**

In an action in which petitioner argued that the 4 November 1980 election for Cleveland County Commissioners should be nullified and that a new election should be held on the grounds that the 4 November ballots did not leave sufficient space between the names of candidates printed on such ballot, pursuant to G.S. § 163-140(a), the State Board of Elections properly ruled that a new election was not required. The statute violated did not expressly condition the validity of an election on compliance with the statute's terms; hence, a violation of the "sufficient ballot space" section would not vitiate an election unless the violation altered the outcome of the election, and the Board found as fact that the violation did not alter the election's outcome.

2. **Elections § 8.1— contested election—burden of proof for unsuccessful candidate**

Since petitioner, who contested an election for county commissioners, was an unsuccessful candidate, he had the burden of showing that the irregularities in the election affected the results. Possible complications in getting voters to disclose for whom they would have voted had there been no election irregularities, does not indicate all statutory violations should per se render an election invalid.

3. **Elections § 10— failure to count ballots marked improperly—proper**

Under G.S. § 163-170(1), the State Board of Elections properly ruled that ballots cast in a 1980 election in which the voter marked the straight Democratic circle and also wrote in some, but less than the required three, names for the office of county commissioner, should not be counted for any of the candidates whose names were printed on the ballot or for the candidate or candidates written in.

APPEAL by petitioner from *Cornelius, Judge.* Judgment entered 25 March 1981 in Superior Court, CLEVELAND County. Heard in the Court of Appeals on 4 February 1982.

This appeal arises from a decision of Superior Court affirming an order of the State Board of Elections.

Petitioner was a write-in candidate in the 4 November 1980 election for the position of Cleveland County Commissioner. Displeased with the conduct and results of that election, petitioner filed an "official protest" with the Cleveland County Board

of Elections. Upon rejection by the Cleveland County Board of his plea for relief, petitioner appealed to the State Board of Elections for a de novo hearing. The State Board conducted a hearing at which it heard evidence, and thereafter made detailed findings of fact and conclusions of law and ordered that all hand-counted and certain machine-counted ballots cast in the 4 November election for County Commissioner be recounted and that the Cleveland County Board of Elections, upon completion of the recount, certify the results of the election as reflected by the reexamination and recount. The State Board also concluded that a new election for the offices of Cleveland County Commissioners was not justified. Petitioner, after the votes were recounted, still lacked sufficient votes to gain election to the position of Cleveland County Commissioner. He then petitioned the Superior Court for judicial review of the order by the respondent State Board of Elections. The Superior Court "fully reviewed, examined and considered the administrative decision of the respondent . . . and the record upon which said administrative decision rest[ed]," and concluded that

> [t]he Findings of Fact and Order of the respondent [t]herein are supported by competent, material, and substantial evidence in view of the entire record as submitted, and the substantial rights of the petitioners have not otherwise been prejudiced; that said Order is in compliance with applicable constitutional provisions and is within the statutory authority or jurisdiction of the respondent; that said Order was entered pursuant to law and lawful procedure, is neither arbitrary nor capricious, and upon the entire Record the Order [t]herein judicially reviewed should be affirmed.

Petitioner appealed to this Court.

*Guller and Bridges, by Jeffrey M. Guller and Thomas B. Kakassy, for petitioner appellant.*

*Attorney General Rufus L. Edmisten, by Deputy Attorney General James Wallace, Jr., for respondent appellee.*

HEDRICK, Judge.

The State Board of Elections, the decision of which is the basis of this appeal, is an "agency" as defined in G.S. § 150A-2(1).

When a petition for judicial review of an agency decision is filed pursuant to G.S. 150A-45, the judge of superior court may affirm, remand, reverse, or modify the agency decision. G.S. § 150A-51. "If the court reversed or modifies the decision of the agency, the judge shall set out in writing, which writing shall become a part of the record, the reasons for such reversal or modification." G.S. § 150A-51. "Any party to the review proceedings . . . may appeal to the appellate division from the final judgment of the superior court under rules of procedure applicable to other civil cases." G.S. 150A-52.

While the record in the present case contains exceptions and assignments of error relating to the findings and conclusions and order of the State Board of Elections, there are no exceptions or assignments of error to the "final judgment" of the Superior Court affirming the decision of the State Board.

Rule 10(a) of the Rules of Appellate Procedure "provides in part that 'the scope of review on appeal is confined to a consideration of those exceptions set out and made the basis of assignments in the record.' " *Swygert v. Swygert*, 46 N.C. App. 173, 180, 264 S.E. 2d 902, 907 (1980). Since the record in the present case contains no exceptions or assignments of error, no question is presented to this Court for review, *Caudle v. Ray*, 50 N.C. App. 641, 274 S.E. 2d 880 (1981), other than such questions as the regularity of the judgment, if those questions are properly raised in the brief. *State v. McMorris*, 290 N.C. 286, 225 S.E. 2d 553 (1976). Petitioner has not raised in his brief the question of the judgment's regularity; nevertheless, a recitation in the judgment negated each of the possible grounds provided in G.S. § 150A-51 for reversal of an agency decision, and, hence, the form of the judgment affirming the State Board's order was entirely proper.

We will also proceed to review those and only those arguments advanced in petitioner's brief which were ruled upon by the State Board.

[1] First, petitioner argues that the 4 November 1980 election for county commissioners should be nullified and that a new election should be held on the grounds that the 4 November ballots did not leave sufficient space beneath the names of candidates printed on such ballot, and therefore voters were deprived of an

opportunity to conveniently write in the persons of their choice for county commissioner.

G.S. § 163-140(a), which applies to ballots in elections of county commissioners, states, "All general election ballots shall be prepared in such a way as to leave sufficient blank space beneath each name printed thereon in which a voter may conveniently write the name of any person for whom he may desire to vote." The effect of a violation of a statute governing the conduct of an election depends on the nature of the statute violated, as follows: (1) if the statute expressly declares that a particular act is essential to the validity of an election, or that its omission shall render the election void, the violation of the statute will per se render the election invalid; (2) if, however, the statute simply provides that certain acts or things shall be done within a particular time or in a particular manner, and does not declare that their performance is essential to the validity of the election, the violation of the statute will invalidate the election only upon a showing by the contesting candidate or party that the election would have produced different results had the violation not occurred. *See Green v. Briggs*, 243 N.C. 745, 92 S.E. 2d 149 (1956); *Penland v. Town of Bryson City*, 199 N.C. 140, 154 S.E. 88 (1930); *Riddle v. Cumberland County*, 180 N.C. 321, 104 S.E. 662 (1920); *Starbuck v. Town of Havelock*, 255 N.C. 198, 120 S.E. 2d 440 (1961); *Gardner v. City of Reidsville*, 269 N.C. 581, 153 S.E. 2d 139 (1967); *In re Clay County General Election*, 45 N.C. App. 556, 264 S.E. 2d 338, *disc. rev. denied*, 299 N.C. 736, 267 S.E. 2d 672 (1980).

In the present case, the State Board made, *inter alia*, the following unchallenged findings of fact:

4. On the machine ballot, only the three democratic candidates appeared under the office designation . . . ; virtually no space existed between the three candidates' names, and a space measuring approximately 3/8 (three-eights) inch followed them so that write-ins under each individual name were impossible and space following the last candidate's name was so limited as to make the insertion of three write-in names difficult;

. . .

15. A proper tabulation of write-in votes cast in the November 4, 1980 election will result in an outcome which

fairly and adequately represents the will of the majority of Cleveland County voters, no other irregularities which would have effected [sic] the outcome of said election having been shown.

Hence, the State Board acknowledged that the election was marred by an irregularity in the form of insufficient ballot space for write-in candidates. The State Board, however, also found as fact that a proper tabulation of the votes cast on 4 November would produce an accurate representation of the will of the majority of voters, and the Board thereby negated any factual finding that had there been sufficient ballot space the results would have been different. Having found that the irregularity did not affect the outcome of the election, the State Board then made the unchallenged conclusion, of law that

[t]he irregularities which occurred in the November 4, 1980 general statewide election conducted in Cleveland County were not of such magnitude as to inveigh against the integrity of the voting process or to justify, for any other reason, this Board's ordering a new election for the offices of Cleveland County Commissioners. . . .

The statute violated in the present case did not expressly condition the validity of an election on compliance with the statute's terms; hence, a violation of the "sufficient ballot space" portion of G.S. § 163-140(a) would not vitiate an election unless the violation altered the outcome of the election. Since the Board found as fact that the violation did not alter the election's outcome, it properly ruled that a new election was not required.

[2] Petitioner contends that *In re Clay County General Election, supra*, mandates the overturning of an election upon a statutory violation even absent a showing that the violation affected the outcome. In that case, the State Board did invalidate an election despite there being no showing that the election irregularities affected the election outcome. The Court, however, noted that the State Board, not an unsuccessful candidate, was the party moving to have the election invalidated, and the Court asserted, "Clearly, if an unsuccessful candidate seeks to invalidate an election, he must be able to show that he would have been successful had the irregularities not occurred." *Id.* at 570, 264 S.E. 2d at 346. Since petitioner in the present case is an unsuccessful candidate, he is

not absolved from the burden of showing that the irregularities affected the results of the election. Petitioner also argues that because of complications in getting voters to disclose for whom they would have voted had there been no election irregularities, all statutory violations should per se render an election invalid. We do not agree. If no voters can be persuaded to volunteer how an irregularity caused them to vote against their will, there should at least be ways to raise an inference of prejudice by circumstantial evidence, when such prejudice does exist. We will not dispense with the requirement that there be a factual determination of whether an irregularity affected an election's outcome when the statute violated does not expressly condition the election's validity on compliance with the statute. "Every reasonable presumption will be indulged in favor of the validity of an election." *Gardner v. City of Reidsville, supra* at 585, 153 S.E. 2d at 144. Petitioner's "insufficient ballot space" argument is therefore without merit.

[3]    The next argument advanced in petitioner's brief is that the State Board erred in ruling that for those ballots on which a voter marked the straight Democratic circle and also wrote in some, but less than three, names for the office of county commissioner, such ballots shall not be counted for any of the candidates whose names were printed on the ballot or for the candidate or candidates written in.

G.S. § 163-170(1) provides, "If for any reason it is impossible to determine a voter's choice for an office, the ballot shall not be counted for that office but shall be counted for all other offices." The ruling challenged in the present case pertains to those ballots on which a voter indicated he was voting a straight Democratic ticket and also wrote in two names for three of the county commissioner's seats. In that situation, the voter has given conflicting signals as to the candidates for whom he is voting. On the one hand, he has indicated his desire to vote for two write-in candidates; on the other, he has indicated a desire to vote for three Democratic candidates. His write-in votes could be counted as against two of the straight-ticket candidates, but the State Board had no way of knowing which two of the three straight-ticket candidates should have their votes superceded by the write-in votes. Hence, it was impossible to determine the voter's choices for the office of county commissioner, and the State Board properly

refrained from counting the ballots on which voters marked the straight Democratic circle and also wrote in some, but less than three, names for the office of county commissioner.

Affirmed.

Judges HILL and BECTON concur.