RAY C. BECK v. CHERYL C. BECK

No. 743DC269

(Filed 7 August 1974)

**1. Infants § 9— child custody hearing — hearsay — harmless error**

In a child custody proceeding, the admission of testimony as to what one of the minor children told the witness concerning an accident one of the children had had, if erroneous, was not prejudicial when considered in context and with the other evidence presented by the parties.

**2. Infants § 9— child custody hearing — opinion of social worker**

The trial court in a child custody proceeding did not err in allowing a county social worker to give his opinion as to the living conditions of the children based on a visit to the home for some two hours.

### 3. Infants § 9— award of custody to father

The trial court did not err in awarding custody of minor children to their father rather than to their mother.

APPEAL by defendant from *Whedbee, District Court Judge,* 6 August 1973 term of CRAVEN County District Court.

The plaintiff husband and defendant wife were married to each other in 1960, and five minor children were born of marriage. The children ranged in age from 3 to 12 years at the time of the institution of this action.

On 7 December 1972, the plaintiff filed this action seeking temporary and permanent custody of the children and seeking a temporary restraining order. On 18 December 1972, temporary custody of the children was awarded to the plaintiff, and a preliminary restraining order was entered granting possession of the home to the plaintiff and forbidding the defendant to come on the premises except to visit the children.

A custody hearing was held at the 6 August 1973 term of Craven County District Court. The plaintiff was awarded custody of the children and the defendant was restrained from going about the premises except for visitation purposes as set out in the order. The defendant gave notice of appeal.

*Beaman, Kellum and Mills by Norman B. Kellum, Jr., for plaintiff-appellee.*

*D. S. Henderson and B. H. Baxter, Jr., for defendant-appellant.*

CARSON, Judge.

Briefly stated, the plaintiff's evidence tended to show that the defendant was very unstable, that she had temporarily abandoned the children, that she had engaged in an adulterous relationship with a neighbor, and that the best interest of the minor children would be served by awarding their custody to the plaintiff. The defendant's evidence tended to show that the plaintiff kept unusual working hours, that he used alcoholic beverages to excess, that he engaged in an adulterous relationship after the separation of the parties, and that the best interest of the children would be served by awarding their custody to her. Various witnesses were presented by each party to substantiate their respective claims.

Beck v. Beck

[1]   The defendant first objects to the allowance of a witness to relate to the court what one of the minor children had told her concerning an accident that one of the children had had. The court allowed the statement into evidence, stating that he intended to talk to the children and it would be admissible for corroborative purposes, the parties having stipulated that the court could speak to the children privately in chambers. Assuming, arguendo, that the trial court was incorrect in its ruling, it does not follow that this would be grounds for a new trial. To justify a new trial the error must be prejudicial. *Board of Education v. Lamm,* 276 N.C. 487, 173 S.E. 2d 281 (1970); *Johnson v. Massengill,* 12 N.C. App. 6, 182 S.E. 2d 232 (1971). Clearly, this matter was not prejudicial when considered in context and with the voluminous amount of other evidence presented by each party. This assignment of error is without merit.

[2]   The defendant next objects to allowing a social worker for the Craven County Department of Social Services to testify concerning his visit to the home of the children. The defendant contends that since the witness only visited the home on one occasion and stayed less than two hours, this testimony should not have been allowed. This assignment of error is likewise without merit. The witness spent nearly two hours in the home of the plaintiff and children, and his opinion as to the living conditions of the children was based on sufficient personal observation and thus competent. *Cogdill v. Highway Comm.,* 279 N.C. 313, 182 S.E. 2d 373 (1971); *State v. Brodie,* 190 N.C. 554, 130 S.E. 205 (1925).

[3]   The defendant contends that the trial court abused its discretion in awarding custody of the minor children to the plaintiff. As in many cases of this nature, there was a sharp conflict of evidence as to the contentions of the parties. Each party vigorously maintained that he was the proper person to have custody of the minor children. Our cases have long recognized that the trial judge is in the best position to resolve these conflicts of evidence and that the decision of the trial court will not be reviewed in an absence of abuse of discretion. *In re Cox,* 17 N.C. App. 687, 195 S.E. 2d 132 (1973); *In re Custody of Pitts,* 2 N.C. App. 211, 162 S.E. 2d 524 (1968). From an examination of the 299 pages of the written record, it is abundantly clear to us that the trial court patiently and carefully considered all of the evidence presented in this matter. The judgment was based on the evidence presented, and we are unable to find an

abuse of discretion. The defendant received a fair trial, free from pejudicial error.

No error.

Judges BRITT and HEDRICK concur.