PAUL D. WYCHE v. CAROL D. WYCHE

No. 7526DC1030

(Filed 16 June 1976)

1. **Divorce and Alimony § 24— child custody — award to mother — no abuse of discretion**

   The trial court in a child custody proceeding did not abuse its discretion in awarding custody to defendant mother, though there was evidence that defendant had had emotional problems, since evidence was sufficient to support the trial court's finding that both plaintiff and defendant could ably care for and nurture the minor child, and the trial court understood the psychological complexities involved in this action and in fact conditioned its award by requiring intensive counseling for the parties.

2. **Divorce and Alimony § 24— child custody — attorney fees awarded — no abuse of discretion**

   The trial court in a child custody action did not err in awarding defendant $2000 in attorney fees where the evidence indicated that neither party enjoyed financial security, but defendant mother filed her motion in the cause after plaintiff father seized the child from her actual custody in violation of their separation agreement, defendant brought this action in good faith and carefully illustrated her inability to defray the cost of litigation, and plaintiff did draw a good salary and enjoyed a relatively comfortable standard of living.

APPEAL by plaintiff from *Hicks, Judge.* Judgment entered 19 August 1975 in District Court, MECKLENBURG County. Heard in the Court of Appeals 7 April 1976.

On 30 April 1974, the parties were divorced, but the judgment was silent with respect to the custody and support of Michael David Wyche, minor child of the parties. Prior to the divorce, the parties had entered into a separation agreement which provided that defendant was to have sole and exclusive custody of the child with plaintiff having visitation privileges at reasonable times. Subsequent to the divorce, and on 18 December 1974, the parties entered into an amendment to the separation agreement, which again provided that defendant would have the care, custody and control of the child and set out specific visitation times for plaintiff including certain weekends beginning on the first and third Friday of each calendar month from 4:00 p.m. on Friday until 6:00 p.m. on Sunday.

On 17 January 1974, plaintiff took the child for the specified weekend visit and failed and refused to return the child to defendant on Sunday night.

Defendant filed a motion in the cause requesting that the court grant her permanent care, custody, and control of the child and a reasonable sum for his support.

Plaintiff, citing defendant's alleged physiological, psychological and emotional problems, also moved for custody.

Prior to hearing evidence the trial court first advised plaintiff that the separation agreement's custody provisions created some difficulty in this matter and forced some "burden" of proof upon plaintiff in that he now sought to alter those earlier basic arrangements entered into and agreed upon by him.

Both parties presented extensive evidence. Defendant's evidence tended to show that she was a college graduate, working in a middle managerial position in a local bank, and well regarded by her superiors and associates. During the work period, the child received care and education in a licensed day care center.

Defendant, testifying on her own behalf, conceded that a suicidal episode has transpired but that affirmative steps had been taken by her to remedy the character and emotional problems stemming from the complicated disintegration of her marriage and family setting. She maintained that throughout her marriage to plaintiff she was under considerable pressure to be a perfect homemaker and that that experience had been emotionally devastating. Specifically, defendant testified that during the marriage she continually tried to provide for the child's needs as well as those of her husband, always feeling in the process that she was not living up to the plaintiff's highest standards and that her entire emotional well-being suffered as a result thereof. Defendant further testified that notwithstanding the considerable and continued process of adjustment to estrangement and divorce she was fully capable of caring for, loving and nurturing the minor child.

Plaintiff's evidence included the expert testimony of Dr. Michael Masterson, a psychologist who testified at length with respect to tests given Michael by him. Dr. Masterson finally testified that " . . . it would be in Michael's best interest if Michael's custody is granted to Paul Wyche."

Plaintiff, testifying on his own behalf, first recalled the incidents of basic child neglect allegedly committed by defendant and contrasted that with his impression of his new home

and family situation. He testified that he could provide a suitable and enjoyable environment for the child and underscored this conviction by reminding the court of the child's often stated desire to remain with his father and his father's new family.

Finally, the trial court solicited the psychological advice of Dr. Allison Grant, an expert in child psychiatry. Basically, Dr. Grant recommended that there were strong grounds for considering removal of custody from the biological mother in that the child required critical character development and that process could more easily be facilitated if a relationship with but one of the parents could be established.

Regarding defendant's motion for attorney's fees, the trial court heard plaintiff's testimony that he already had incurred significant expenses with respect to Michael and anticipated even more substantial expenditures. He further indicated in detail the actual dollar basis for his income and expenses. Defendant also testified as to her salary and expenses.

Based on the foregoing evidence, the trial court made the requisite findings of fact, stating that both plaintiff and defendant were fit and proper persons to have the care and custody of the child, but concluding that the child should remain in defendant's custody provided that the parties and child receive psychiatric and psychological treatment. The trial court further awarded defendant $2,000 in attorney fees.

*Mraz, Aycock, Casstevens & Davis, by Nelson M. Casstevens, Jr., for plaintiff appellant.*

*Copeland & Troiano, by Alexander Copeland III, for defendant appellee.*

MORRIS, Judge.

[1]   Plaintiff appellant father, contending that the district court ignored critical evidence, maintains that the trial court abused its discretion in awarding custody to the defendant mother. We disagree.

When parents, rebounding from the emotional intensity of a broken marriage, fight custody rights in the courts, the evidence is often presented in " . . . sharp conflict . . . [and] [e]ach party vigorously maintain[s] that he [or she is] . . . the proper person to have custody of the minor children." *Beck v. Beck,*

22 N.C. App. 655, 657, 207 S.E. 2d 378 (1974). Thus, "[o]ur cases have long recognized that the trial judge is in the best position to resolve these conflicts of evidence and that the decision of the trial court will not be reviewed in an absence of abuse of discretion." Id. at 657.

Here, the record indicates that the evidence was in fact "sharply contradictory" and the trial court's findings of fact amply reflect the problematic nature of this case. The trial court, noting the depth of personal sentiment expressed by the parties and carefully documenting the evidence and contentions, first stated that both parents could ably care for and nurture this minor child, but went on, in its discretion, to award the custody to the mother. The court's findings of fact included a good portion of the expert testimony of the psychologists. There is no question but that the trial court understood the psychological complexities involved and in fact conditioned its award by requiring intensive counseling for the parties. This decision by the trial court indicated a careful understanding of this particular case, and it structured its decision accordingly. When so viewed, the record amply negates any validity to plaintiff's contention.

[2]  Plaintiff further contends that the trial court abused its discretion by awarding defendant $2,000 in attorney fees. Specifically, plaintiff argues that "[u]nder the provisions of North Carolina General Statutes § 50-13.6, the General Assembly did not intend for the trial judge to award attorney's fees to one of the litigants because of her impoverishment if the adversary in the litigation were equally impoverished." We disagree.

Under G.S. 50-13.6, a district court may award attorney fees in a custody matter, and the trial court's determination is binding on this Court in the absence of abuse of discretion. *Kearns v. Kearns*, 6 N.C. App. 319, 170 S.E. 2d 132 (1969). The evidence indicates that neither party enjoys financial security, but the facts also indicate that defendant mother filed her motion in the cause after plaintiff father seized the child from her actual custody in violation of the separation agreement. She brought this action in good faith and carefully illustrated her inability to defray the cost of litigation. The facts indeed tend to show that plaintiff father has incurred significant expenses. However, he continues to draw a good salary and continues to enjoy a relatively comfortable standard of living.

Based on all the evidence presented, we do not consider the trial court's assessment of legal fees against plaintiff beyond his overall ability to pay, and we thus find no abuse of discretion.

Wherefore, the order is

Affirmed.

Judges HEDRICK and ARNOLD concur.