LINDA R. BETHEA v. ELVIN L. BETHEA

No. 7918DC228

(Filed 16 October 1979)

1. **Appeal and Error § 42.2— evidence not in record—presumption that findings supported by evidence**

    The trial court's findings of fact are deemed to be supported by competent evidence and are conclusive on appeal where appellant did not bring forth in the record any of the testimony or evidence in the case.

2. **Abatement § 4— prior action pending is not jurisdictional**

    A motion to dismiss on the basis of a prior action pending is a plea in abatement and not a challenge to the jurisdiction of the court.

3. **Abatement § 4— waiver of objection on basis of prior action pending**

    Defendant waived objection to an action to increase child support on the ground of a prior action pending where he appeared at a hearing and failed to move in abatement or raise the question of a prior action pending but instead made motions in the case, including a motion to continue, and entered into agreements to produce certain documentary evidence before trial.

**4. Divorce and Alimony § 24.7— modification of child support—changed circumstances**

The court's order requiring defendant father to pay an increased amount for child support based on changed circumstances was supported by its findings that plaintiff mother no longer receives alimony from defendant; plaintiff has gone to work and must have help in tending to the minor child; the child is now in the public schools and requires additional funds for lunches, clothes and medical attention; defendant's income has increased from $38,000 in 1974 to $135,000 in 1977; plaintiff has been required to accept money from her family and to borrow money to support the child; and defendant has refused plaintiff's requests that defendant increase the amount of his child support payments.

**5. Divorce and Alimony § 27— action to modify child support—attorney fees**

The court's findings supported its order that defendant pay counsel fees for plaintiff in an action to require defendant to pay increased child support.

APPEAL by defendant from *Alexander (Elreta M.), Judge.* Judgment entered 21 November 1978 in District Court, GUILFORD County. Heard in the Court of Appeals 27 September 1979.

This is an action brought by the mother of the minor child of plaintiff and defendant, seeking an increase in the amount of child support to be paid by defendant. Defendant has not filed an answer or other response. After service on defendant, he appeared through counsel on 16 October 1978 and made requests of the trial judge, including a motion for continuance, which was granted to 30 October 1978.

At the 30 October 1978 hearing, defendant's counsel moved to dismiss for the reason that there was a prior action pending in the same court and county between the parties seeking the identical relief. The court denied the motion. After hearing evidence of both parties, the court entered an order finding facts, making conclusions of law and ordering the defendant to pay an increased amount of child support and also counsel fees to plaintiff's attorney. Defendant appealed.

*E. S. Schlosser, Jr. for plaintiff appellee.*

*Malone, Johnson, DeJarmon & Spaulding, by C. C. Malone, Jr. and Albert L. Willis, for defendant appellant.*

MARTIN (Harry C.), Judge.

[1] There are no exceptions in the record other than the following:

NOW COMES the Defendant, Elvin L. Bethea in apt time, and objects and excepts to the findings of fact and the conclusion of law entered in the above-entitled cause on the 21st day of November, 1978, and from the judgment entered thereon, the defendant objects and gives Notice of Appeal to the Court of Appeals of North Carolina.

Assuming *arguendo* that the above constitutes an effective exception to the court's findings of fact and conclusions of law, defendant did not bring forth in the record any of the testimony or evidence in the case. Therefore, the findings of fact are deemed to be supported by competent evidence and are conclusive on appeal. *In re Housing Authority,* 233 N.C. 649, 65 S.E. 2d 761 (1951); *Carter v. Carter,* 232 NC. 614, 61 S.E. 2d 711 (1950); *Christie v. Powell,* 15 N.C. App. 508, 190 S.E. 2d 367, *cert. denied,* 281 N.C. 756, 191 S.E. 2d 361 (1972).

The appeal does raise for consideration whether the judgment is supported by the findings of fact and conclusions of law and whether the court had jurisdiction of the subject matter. Rule 10(a), North Carolina Rules of Appellate Procedure.

[2, 3] Defendant's motion to dismiss on the basis of a prior action pending is a plea in abatement and not a challenge to the jurisdiction of the court. *Houghton v. Harris,* 243 N.C. 92, 89 S.E. 2d 860 (1955); *Reece v. Reece,* 231 N.C. 321, 56 S.E. 2d 641 (1949). The objection may be waived. *Flynt v. Flynt,* 237 N.C. 754, 75 S.E. 2d 901 (1953). Here, defendant appeared at the 16 October hearing and failed to object to the proceeding. He did not move in abatement or raise the question of prior action pending; instead, he made motions in the case, including a motion to continue, and entered into agreements to produce certain documentary evidence before trial. The case was continued on defendant's motion. Defendant waived any objection he had by reason of a prior action pending. *Id.; Rhoney v. Sigmon,* 43 N.C. App. 11, 257 S.E. 2d 691 (1979); *Bass v. Bass,* 43 N.C. App. 212, 258 S.E. 2d 391 (1979). Additionally, defendant failed to include the pleadings in the prior case as a part of the record on appeal, so this Court is unable to determine whether it raises the same issues as the case at bar. The court properly denied this motion.

[4] In reviewing the order we find that it is supported by findings of fact and conclusions of law. Orders for child support are

not permanent and may be modified upon proof of a substantial change in circumstances. *Crosby v. Crosby,* 272 N.C. 235, 158 S.E. 2d 77 (1967); *Searl v. Searl,* 34 N.C. App. 583, 239 S.E. 2d 305 (1977). The facts found showed a substantial change in the condition of the parties since the prior order of 9 June 1975. Plaintiff no longer receives alimony from defendant; plaintiff has gone to work and must have help in tending to the minor child; the child is now in the public schools and requires additional funds for lunches, clothes and medical attention; defendant's income has increased from $38,000 in 1974 to $135,000 in 1977; defendant is remarried and has another child; plaintiff has been required to accept money from her family and to borrow money to properly support the child. Plaintiff has requested the defendant to increase the support payment several times and he has refused.

The facts found are sufficient to justify conclusions of law as to the reasonable needs of the child, the ability of defendant to pay and the prior expenditures on behalf of the child. *Crosby v. Crosby, supra; Steele v. Steele,* 36 N.C. App. 601, 244 S.E. 2d 466 (1978); *Montgomery v. Montgomery,* 32 N.C. App. 154, 231 S.E. 2d 26 (1977). The amount ordered as child support is commensurate with the needs of the child and the ability of the defendant to meet those needs. *Holt v. Holt,* 29 N.C. App. 124, 223 S.E. 2d 542 (1976).

The amount ordered is in the discretion of the court and will not be disturbed absent manifest abuse of discretion. *Williams v. Williams,* 261 N.C. 48, 134 S.E. 2d 227 (1964); *Wyatt v. Wyatt,* 32 N.C. App. 162, 231 S.E. 2d 42 (1977). What constitutes necessities depends upon the facts and circumstances of the particular case. They include food, clothing, lodging, medical care and proper education. They are not limited to those things which are absolutely necessary to sustain life, but extend to articles that are reasonably necessary for the proper and suitable maintenance of the child in view of his social station in life, the customs of the social circle in which he lives or is likely to live and the fortune possessed by him and his parents. *Barger v. Finance Corp.,* 221 N.C. 64, 18 S.E. 2d 826 (1942). *See* N.C. Trial Judges' Bench Book, Child Support, IV. 2C.1 (1979). Here the child is the son of a highly successful professional football star, who plays with the Houston Oilers. The amount awarded was reasonable and well

within the proper exercise of the court's discretion. We find no error in the order for increased child support.

**[5]**   Appellant contends the evidence does not support the findings of fact supporting the order for counsel fees. Appellant failed to bring forward the evidence in the record. The findings are deemed to be supported by sufficient competent evidence. *In re Housing Authority, supra.*

The court's findings support the conclusions that plaintiff is an interested party acting in good faith who has insufficient means to defray the expense of the suit. It is not necessary that plaintiff be substantially dependent as in alimony cases. *Stanback v. Stanback,* 287 N.C. 448, 215 S.E. 2d 30 (1975). Defendant refused to provide adequate support after demand. *Id.* The amount awarded as counsel fees is in the discretion of the court and will not be disturbed in the absence of a showing of abuse of discretion. *Wyche v. Wyche,* 29 N.C. App. 685, 225 S.E. 2d 626, *disc. rev. denied,* 290 N.C. 668, 228 S.E. 2d 459 (1976). The facts found, deemed to be supported by competent evidence, are sufficient to establish that the fee is reasonable. The order complies with N.C.G.S. 50-13.6 and the holding in *Wyatt, supra.*

Affirmed.

Judges HEDRICK and CLARK concur.