IN RE: APPEAL OF AND PETITION FOR JUDICIAL REVIEW BY C. DAVID BROWN, WENDELL HEDDEN, AND GENE MILLER, FOR THEMSELVES AND THE CITIZENS OPPOSED TO OFF-PREMISES SALE OF BEER IN ANDREWS, NORTH CAROLINA, OF THE DECISION OF THE NORTH CAROLINA STATE BOARD OF ELECTIONS, DATED AUG. 14, 1980, PERTAINING TO THE PROTEST OF THE ELECTION FOR OFF-PREMISES SALE OF BEER IN THE TOWN OF ANDREWS, NORTH CAROLINA, ON FEBRUARY 23, 1980

No. 8110SC665

(Filed 6 April 1982)

Elections § 10— irregularities not affecting result of election
    The State Board of Elections did not err in refusing to set aside an election where it found that, although eleven persons voted who were ineligible to vote, such irregularities did not affect the result of the election, and that there was no evidence of fraud or corruption in the conduct of the election.

APPEAL by petitioners from *Bailey, Judge.* Judgment entered 26 March 1981 in Superior Court, WAKE County. Heard in the Court of Appeals 3 March 1982.

Petitioners, registered voters in the Town of Andrews, contested an election held on 23 February 1980 for approval of off-premises sale of beer in the Town of Andrews. In their petition,

petitioners alleged that certain irregularities occurred in the election. Following a hearing, the Cherokee County Board of Elections made findings of fact, which findings were submitted to the State Board of Elections for appropriate conclusions of law. The County Board declined to certify the election pending review by the State Board. The State Board directed the County Board to hold a further hearing and make additional findings of fact. The County Board complied. Following review of the findings of the County Board, the State Board entered an order certifying the election. On appeal, the Superior Court affirmed the order of the State Board. Petitioners' appeal to this Court is from the judgment of the Superior Court.

*Snyder, Leonard, Biggers & Dodd, P.A., by Gary A. Dodd, for petitioner-appellants.*

*Attorney General Rufus L. Edmisten, by Deputy Attorney General James Wallace, Jr., for respondent-appellee, State Board of Elections.*

*Bailey, Dixon, Wooten, McDonald & Fountain, by J. Ruffin Bailey and R. Mayne Albright for appellee-intervenors.*

WELLS, Judge.

The standard and scope of judicial review of an order of the State Board of Elections is found in the provisions of Chapter 150A of the General Statutes, the Administrative Procedure Act. G.S. 150A-51 provides:

§ 150A-51. Scope of review; power of court in disposing of case.—The court may affirm the decision of the agency or remand the case for further proceedings; or it may reverse or modify the decision if the substantial rights of the petitioners may have been prejudiced because the agency findings, inferences, conclusions, or decisions are:

(1) In violation of constitutional provisions; or

(2) In excess of the statutory authority or jurisdiction of the agency; or

(3) Made upon unlawful procedure; or

(4) Affected by other error of law; or

(5) Unsupported by substantial evidence admissible under G.S. 150A-29(a) or G.S. 150A-30 in view of the entire record as submitted; or

(6) Arbitrary or capricious.

If the court reverses or modifies the decision of the agency, the judge shall set out in writing, which writing shall become a part of the record, the reasons for such reversal or modification. (1973, c. 1331, s. 1.)

Petitioners do not contend that the provisions of subsection (1), (2), (3), or (6) are at issue here.

The only question properly preserved and presented in this appeal is whether the State Board's conclusions and opinion quoted below support its judgment.

1. Based upon the foregoing, the State Board of Elections concludes that certain irregularities shown on the part of the election officials are not shown to have affected the results of the election.

2. That the Board finds eleven persons voted who were not eligible to vote, but conclude that the results of the election, 379 For and 361 Against are not changed, and that the irregularities and ineligible voters shown does not require a new election.

Now therefore, the results of the election conducted in the Town of Andrews on February 23, 1980 shall be certified by this Board following the expiration of time, from the date recorded hereinbelow, stipulated in G.S. 150A-45.

In its order, the State Board found certain irregularities to have occurred in the election, but entered the following critical finding of fact:

11. There is no evidence of fraud or corruption in the conduct of the election, although there are irregularities shown which do not materially affect the results of the election.

Petitioners did not except to any finding or conclusion made by the State Board, nor does the record include any of the evidence before the State Board. The Superior Court's conclusion

that the Board's findings and conclusions were supported by substantial competent and material evidence is, therefore, binding on appeal. *Tinkham v. Hall*, 47 N.C. App. 651, 267 .S.E. 2d 588 (1980), *Bethea v. Bethea*, 43 N.C. App. 372, 258 S.E. 2d 796 (1979), *disc. rev. denied*, 299 N.C. 119, 261 S.E. 2d 922 (1980).

It is settled law that an election will not be disturbed for irregularities where it is not shown that such irregularities are sufficient to alter the result. *Gardner v. Reidsville*, 269 N.C. 581, 153 S.E. 2d 139 (1967); *Starbuck v. Havelock*, 255 N.C. 198, 120 S.E. 2d 440 (1961); *Overton v. Comrs. of Hendersonville*, 253 N.C. 306, 116 S.E. 2d 808 (1960). *See also Green v. Briggs*, 243 N.C. 745, 92 S.E. 2d 149 (1956). This often-stated rule of elections law clearly applies in this case.

For the reasons stated, the judgment of the trial court is

Affirmed.

Judges HILL and BECTON concur.