MAHLON S. MOORE, ET AL, PLAINTIFFS v. RICHARD WEST FARMS, INC., ET AL, DEFENDANTS

No. 922SC1093

(Filed 21 December 1993)

**Trial § 6 (NCI3d) — trespass — boundary dispute — agreement to be bound by independent survey — binding stipulation**

The trial court did not err in entering an order based on the results of a survey in a trespass action where plaintiffs made a clear and definite agreement with all parties in open court to be bound by the results of a survey conducted by an independent surveyor appointed by the court. This agreement amounts to a stipulation between the parties from which plaintiffs did not seek relief in the manner required by *Norfolk Southern Railway Co. v. Horton*, 3 N.C. App. 383, 389, 165 S.E.2d 6, 10 (1969). Although plaintiffs contended that this

was a consent order to which they had not consented, the record shows that the trial court determined the boundary between the properties and entered its order establishing the boundary based on the results of a survey conducted by an independent surveyor, not based on the consent of the parties.

**Am Jur 2d, Stipulations §§ 7, 8.**

Appeal by plaintiffs Mahlon S. Moore, *et al.* from order entered 27 May 1992 by Judge William C. Griffin in Washington County Superior Court. Heard in the Court of Appeals 1 October 1993.

Plaintiffs own a parcel of land that is adjacent to a parcel of land owned by defendants. On 20 November 1989, plaintiffs filed a complaint against defendants for trespassing on their land. In their complaint, plaintiffs alleged that in February of 1989, defendants trespassed onto their land and removed two fences. Further, plaintiffs alleged that defendants had continued to trespass on their land and that Defendant Ethel West had advised the general public that defendants would tear down certain buildings located on plaintiffs' property.

On 19 December 1989, defendants filed their answer denying that they trespassed on plaintiffs' land. Further, defendants disputed plaintiffs' allegation that a boundary line between the two parcels had been established, and they filed a counterclaim against plaintiffs alleging that plaintiffs had trespassed on defendants' land and cut and removed valuable wood and timber from such land without defendants' permission.

On 28 October 1991, defendants filed a motion to dismiss this action on the ground that plaintiffs were required to bring this action in two previous suits defendants had brought against plaintiffs for wrongful cutting of defendants' timber. On 11 June 1991, plaintiffs filed a motion for a preliminary injunction alleging that Defendant Harvey West had advised plaintiffs that he would remove any structures which he considered to be on his property within three weeks, that the boundary line of the property was in dispute, and that in order to maintain the status quo, all parties should be enjoined from further action concerning the disposition of the property until such time as this case could be tried and the court determine a boundary line.

## MOORE v. RICHARD WEST FARMS, INC.

[113 N.C. App. 137 (1993)]

Judge William C. Griffin entered a preliminary injunction on 3 July 1991, effective until a hearing on the merits of the case, ordering the parties to this action not to damage any personal property or structures, mobile or permanent, on the area in dispute between the parties. On 27 May 1992, Judge Thomas Watts entered an order establishing the boundaries of the property in question based on a survey ordered by the court pursuant to the purported consent of the parties. From this order, plaintiffs appeal.

*Dal F. Wooten for plaintiff-appellants.*

*Maynard A. Harrell, Jr. for defendant-appellees.*

ORR, Judge.

The order signed by Judge Thomas Watts on 27 May 1992 from which plaintiffs appeal contains the following findings of fact:

2. That this matter was called for trial on October 28th, 1991 and a jury was selected to hear said case. However, said jury was never impanelled[.]

3. That prior to the impanelling of said selected jury, by consent of the parties and by order of Honorable William C. Griffin, Jr., Judge presiding, a Court appointed surveyor was ordered to conduct a survey of the properties in dispute being the subject matter of this case. That by consent of said parties, the survey of said Court ordered surveyor would be binding on the parties herein.

4. That pursuant to said consent and by order of the court, Hersey A. Kight . . . was ordered to prepare said survey.

5. That pursuant to said order, Hersey A. Kight completed and filed with the court on November 25, 1991 a survey of the property in question. The original survey is attached hereto and made a part hereof if fully copied herein. . . .

6. That by consent of the parties, the expense of said survey was to be shared equally between said parties.

Based on these findings, the trial court ordered:

1. That the survey of Hersey A. Kight . . . be and is hereby recorded and does hereby establish the boundaries between Plaintiffs and Defendants as to the property subject to this lawsuit. . . .

2. That the expense of said survey being $650.00 is to be shared equally between Plaintiffs and Defendants.

On appeal, plaintiffs contend that this order is not binding upon them because they did not consent to the trial court's entry of this order. For the reasons stated below, we disagree.

At trial, Judge William C. Griffin, Jr. asked the parties to consent to be bound by a survey done by a surveyor appointed by the court. The following conversation is reflected in the transcript:

> COURT: . . . Let the record show that [the] parties have . . . the attorneys have conferred with the parties and with each other and also with Mr. Leggett and Mr. Rea, who are surveyors for the sides . . . in this matter, and that they have indicated to the Court, the attorneys have indicated the parties would agree that the Court appoint a third surveyor independent and unknown to anybody and that each side would agree to pay half the costs of the survey and each side would agree to be bound by the results of that survey.
>
> Is that correct . . . ?
>
> [ATTORNEY FOR PLAINTIFFS]: The plaintiff agrees with that, Your Honor.
>
> COURT: Now, let me . . . ask one question. [Plaintiff] Mr. Mahlon Moore is present in Court, as you pointed out earlier. There are a number of other folks named as plaintiffs. Are all of these folks going to be bound by this survey?
>
> [ATTORNEY FOR PLAINTIFFS]: Yes sir.
>
> COURT: Everybody is going to be bound? . . . [I]t's a matter of record. You all are . . . saying to me, representing to me, the Court will be in a position to enforce the results of the survey. Is that correct?
>
> [ATTORNEY FOR PLAINTIFFS]: Yes sir.
>
> [ATTORNEY FOR DEFENDANTS]: Yes sir, Your Honor. I've talked to my clients and they are all present in Court.
>
> COURT: You've got Richard West, Inc. and a number of other folks here. The same question?
>
> [ATTORNEY FOR DEFENDANTS]: Yes sir.

MOORE v. RICHARD WEST FARMS, INC.

[113 N.C. App. 137 (1993)]

COURT: All these folks agree to the same?

[ATTORNEY FOR DEFENDANTS]: Yes sir. The corporate officers are all present and all individuals are present and they agree to be bound by the survey.

Thus, the record reflects that the parties clearly and definitely agreed to be bound by a survey of the land in question done by an independent surveyor appointed by the court. This agreement amounts to a stipulation between the parties and is binding on the parties.

"A stipulation is an agreement between counsel with respect to business before a court . . . ." 83 C.J.S. *Stipulations* § 1, at 2. "Courts look with favor on stipulations designed to simplify, shorten, or settle litigation and save cost to the parties, and such practice will be encouraged." *Rural Plumbing and Heating, Inc. v. H.C. Jones Construction Co., Inc.*, 268 N.C. 23, 32, 149 S.E.2d 625, 631 (1966). " 'While a stipulation need not follow any particular form, its terms must be definite and certain in order to afford a basis for judicial decision, and it is essential that they be assented to by the parties or those representing them. . . .' " *State v. Powell*, 254 N.C. 231, 234, 118 S.E.2d 617, 619 (1961) (citation omitted). "Once a stipulation is made, a party is bound by it and he may not thereafter take an inconsistent position." *Rural Plumbing and Heating, Inc.*, 268 N.C. at 31, 149 S.E.2d at 631.

In the present case, plaintiffs made a clear and definite agreement with all parties in open court to be bound by the results of a survey conducted by an independent surveyor appointed by the court, which agreement has the effect of a stipulation. Subsequently, the court appointed such surveyor and entered an order determining the boundaries of the properties in question based upon the results of such survey. Plaintiffs did not seek relief from their stipulation which they now contend is not binding, and the law in North Carolina on this issue is that:

"A party to a stipulation who desires to have it set aside should seek to do so by some direct proceeding, and, ordinarily, such relief may or should be sought by a motion to set aside the stipulation in the court in which the action is pending, on notice to the opposite party." . . . "Application to set aside a stipulation must be seasonably made; delay in asking for relief may defeat the right thereto."

*Norfolk Southern Railway Co. v. Horton*, 3 N.C. App. 383, 389, 165 S.E.2d 6, 10 (1969) (citations omitted).

Thus, plaintiffs are bound by their stipulation in open court that they would abide by the results of the survey conducted by the court appointed surveyor, and the trial court did not err in entering its order based on the results of this survey. *See id.* (affirming order based on stipulation to abide by result of parallel case); *See also Sloop v. Friberg,* 70 N.C. App. 690, 320 S.E.2d 921 (1984) (stipulation of parties to allow the court to enter final judgment on custody and visitation issues in accordance with the children's wishes was binding on the parties).

Plaintiffs argue, however, that the trial court's order was a "Consent Order" and because they did not consent to the terms of the order at the time the court entered the order, the order is not valid. We do not agree. Our review of the record shows that the trial court determined the boundary between the properties and entered its order establishing such boundary based on the results of a survey conducted by an independent surveyor, not based on the consent of the parties. The parties stipulated that they would be bound by this survey, the results of which were not known at the time the stipulation was made, and the court properly entered its order based on this stipulation.

Accordingly, we affirm the order of the trial court.

Affirmed.

Judges EAGLES and GREENE concur.