McGEE, Judge,
concurring in result with separate opinion.
I concur in Section II A. 3., Equitable Estoppel, and in Section III, Dependent Spouse Determination, of the majority’s opinion. I agree that the trial court did not err in ruling that Defendant was equitably estopped from denying 15 October 1989 as the date of marriage. I write separately because I believe the remainder of Section II of the majority opinion is dicta, which unnecessarily, and perhaps erroneously, addresses issues better left to future panels of this Court, should these issues again arise.
I.
Though I do not believe we need to, or should, address any issues beyond equitable estoppel in Section II, I am concerned with the statement of the majority that “Defendant met his high burden [of] show[ing] that Hawk Littlejohn was not authorized under the applicable version of N.C. Gen. Stat. § 51-1 to solemnize the 1989 ceremony.” I am not at all certain Defendant met his burden in this regard, and would much prefer we not address this issue in dicta.
Initially, pursuant to N.C. Gen. Stat. § 51-1, a marriage ceremony results in a valid marriage if, inter alia, it is conducted “[i]n the presence of a minister authorized by a church[.]” N.C. Gen. Stat. § 51-1 (2013). Though I tend to agree with the majority opinion that Hawk Littlejohn’s association with the Universal Life Church does not satisfy the requirements of N.C.G.S. § 51-1 in light of precedent of this Court and our Supreme Court, the majority fails to consider Hawk Littlejohn’s uncontested status as a Cherokee Medicine Man.
*381 The trial court made the following relevant findings of fact in its 15 October 2007 order:
10. That, on . . . October 15th, 1989, . . . Plaintiff and Defendant participated in a marriage ceremony performed by Hawk Littlejohn, a Cherokee Medicine Man;
12. That the ceremony was attended by friends and family, had several sweat lodges, there was an exchange of com and blankets, bagpipes were played and the exchanging of gold wedding bands took place. Further,... Defendant wore a kilt for the ceremony;
27. That the parties in this case expressed their solemn intent to marry at a traditional Cherokee ceremony attended by family and friends[.]
29. That . . . Defendant failed to produce any evidence or offer controlling law that Hawk Littlejohn was not. . . “authorized by his church” to perform weddings in accordance with the traditions of the Cherokee Indian Nation or in accordance with N.C. Gen. Stat. Sec. 51-1.
Defendant does not challenge the portion of finding of fact twenty-nine that states: “Defendant failed to produce any evidence or offer controlling law that Hawk Littlejohn was not... ‘authorized by his church’ to perform weddings in accordance with the traditions of the Cherokee Indian Nation or in accordance with N.C. Gen. Stat. Sec. 51-1.” Because Defendant does not challenge this portion of finding of fact twenty-nine, it is binding on appeal. Bethea v. Bethea, 43 N.C. App. 372, 374, 258 S.E.2d 796, 798 (1979). Further, Defendant does not argue on appeal that Hawk Littlejohn, as a Cherokee Medicine Man, was not authorized to perform weddings. Having failed to challenge this finding, or the conclusions based upon it, Defendant has abandoned any such challenge. N.C.R. App. P. 28(b)(6) (“Assignments of error not set out in the appellant’s brief, or in support of which no reason or argument is stated or authority cited, will be taken as abandoned.”); Dogwood Dev. & Mgmt. Co., LLC v. White Oak Transp. Co., 362 N.C. 191, 200, 657 S.E.2d 361, 367 (2008).
*382 Because Defendant has failed to challenge the validity of the 1989 marriage based on one of the grounds found by the trial court in support of its ruling, Defendant has abandoned that challenge. I therefore disagree with the majority opinion’s statement that “Defendant met his high burden [of] show[ing] that Hawk Littlejohn was not authorized under the applicable version of N.C. Gen. Stat. § 51-1 to solemnize the 1989 ceremony” on this ground as well.
I would also note that the issue of whether Hawk Littlejohn, or another Native American religious figure, could validly perform marriages pursuant to N.C.G.S. § 51-1 before it’s amendment on 1 October 2001 has never been answered by our appellate courts. In dissenting from the majority opinion in Pickard, supra, that a marriage performed by Hawk Littlejohn in 1991 was valid through the application of judicial estoppel, the dissenting judge made the argument that the marriage was valid as performed, due in part to Hawk Littlejohn’s status as a Cherokee Medicine Man. Pickard, 176 N.C. App. at 203-04, 625 S.E.2d at 876. Though the dissent in Pickard does not constitute controlling law, the argument included therein has never been directly addressed in North Carolina, and the majority does not address it here, though the trial court in this matter ruled the 1989 marriage valid, in part, for similar reasons.
II.
Finally, though not an issue argued on this appeal, I disagree with the definitive statement of the majority declaring the 1989 ceremony invalid, and thus the resulting marriage “voidable,” because I recognize a possibility, as of yet undecided by any appellate court of this state, that the 1989 ceremony resulted in a valid marriage by action of statute.
Our General Assembly, on 10 May 2001, approved legislation to amend N.C.G.S. § 51-1 and other statutes (“the Act”). The Act was titled, in part: “MARRIAGE — LICENSING—SOLEMNIZATIONf:] AN ACT TO AMEND THE MARRIAGE STATUTES TO BROADEN THE LIST OF PERSONS AUTHORIZED TO SOLEMNIZE MARRIAGES; TO VALIDATE A MARRIAGE LICENSED AND SOLEMNIZED BY A FEDERALLY RECOGNIZED INDIAN TRIBE OR NATION[.]” 2001 North Carolina Laws S.L. 2001-62 (H.B. 142) (emphasis added). By Section 1 of H.B. 142, N.C.G.S. § 51-1 was amended in part to read:
A valid and sufficient marriage is created by the consent of a male and female person who may lawfully marry, presently to take each other as husband and wife, freely, seriously and plainly expressed by each in the presence of the other, either:
*383 (1) a. In the presence of an ordained minister of any religious denomination, a minister authorized by a church, or a magistrate; and
b. With the consequent declaration by the minister or magistrate that the persons are husband and wife; or
(2) In accordance with any mode of solemnization recognized by any religious denomination, or federally or State recognized Indian Nation or Tribe.
N.C.G.S. § 51-1 (emphasis added).
The relevant enacting language of H.B. 142 is as follows: “[Section 1] of this act becomes effective October 1,2001.” 2001 North Carolina Laws S.L. 2001-62 (H.B. 142), Section 18. Because the Act was enacted in part to validate marriages performed in accordance with recognized Native American nations or tribes, and because there is no temporal restriction in the enacting language[1],1 would not declare the 1989 marriage in this matter invalid and voidable, and would not imply that other marriage ceremonies performed in a similar manner before 1 October 2001, are invalid and therefore voidable.
I therefore limit my concurrence in Section II to the following: Assuming, arguendo, the 1989 marriage ceremony was invalid, and the resulting marriage was voidable, Defendant is equitably estopped from denying the validity of that marriage.

. For example, the General Assembly could have used language similar to “The remainder of this act applies to marriage ceremonies performed on or after October 1, 2001,” but did not.