IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-94

Filed 17 September 2025

Iredell County, No. 23 CVS 345

STORY HOMES CONSTRUCTION, LLC and AARON THOMAS GUESS as Qualifier, Petitioners,

v.

NORTH CAROLINA LICENSING BOARD FOR GENERAL CONTRACTORS, Respondent.

Appeal by petitioner from order entered 28 February 2024 by Judge Tonia A. Cutchin in Iredell County Superior Court. Heard in the Court of Appeals 26 August 2025.

> *Burr & Forman LLP, by G Wade Leach, III and Douglas K. Gartenlaub admitted pro hac vice, for petitioners-appellants.*

> *Hedrick Gardner Kincheloe & Garofalo, LLP, by A. Grant Simpkins, Ryan Mitiguy, and Catherine E. Lee, for respondent-appellee.*

TYSON, Judge.

Story Homes Construction, LLC ("Story Homes") and Aaron Thomas Guess ("Guess") (collectively "Petitioners") appeal from order affirming the decision of the North Carolina Licensing Board for General Contractors ("Respondent" or "Board"). We affirm.

## I. Background

Story Homes is a North Carolina registered limited liability company. Guess

is the registered agent and manager of Story Homes.  Story Homes was issued a limited building license on 13 March 2018, which was valid until 1 March 2019.

From 25 October 2018 to 6 August 2019, Story Homes, as general contractor, requested and performed inspections on a single-family dwelling at 259 Sutts Road, Mooresville. Donna Barbour filed two complaints against Petitioners with the Board alleging Story Homes was working with an expired license and had exceeded the scope of its license on 21 May 2021 on the 259 Sutts Road project.  The estimated cost on the building permit application was $400,000.  The Board assigned file number 19 C 326 to these complaints.

Story Homes submitted a building permit application in Iredell County for the construction of a single-family dwelling located at 123 Widgeon Lane in Mooresville. The total estimated cost on the application was $400,000 and Story Homes was listed as the general contractor.  Iredell County building standards division issued a building permit on 27 July 2018.  On 27 March 2019 inspections occurred on the building location/setback and building slab.  The Board assigned file number 19 C 328 to this action.

Story Homes submitted a building permit application in Iredell County for the construction of a single-family dwelling located at 253 Stutts Road in Mooresville on 24 April 2018.  The total estimated cost on the application was $300,000 and Story Homes was listed as the general contractor.  Iredell County building standards division issued a building permit on 25 April 2018.  On 16 and 17 April 2019 the

building shower pan inspection occurred. The low voltage final inspection was performed on 10 May 2019. The fireplace rough in, plumbing, sewer, and plumbing water supply were inspected on 24 May 2019. On 30 May 2019 the plumbing final, plumbing sewer, and plumbing water supply were inspected. The Board assigned file number 19 C 329 to this action.

Story Homes received notice of the complaints on or about 3 June 2019. Story Homes submitted a license renewal application on or about 10 June 2019.

On its June license renewal application, Story Homes answered "no" to Section 2, Question 3: "Is the licensee, any officer, principle [sic] shareholder, or member (if LLC) under investigation or engaged in any controversy with this Board or any other licensing, registration or certification agency that has not been previously disclosed to this Board?"

Story Homes answered "no" to Section 2, Question 3 on the license renewal application despite having received and being on notice of Barbour's complaint against Story Homes. Respondents conducted an administrative hearing on 18 January 2023.

During the hearing, Petitioners stipulated to the following:

> "Petitioner" is going to stipulate to three of the charges. We are going to stipulate to 19 C 326, 19 C 328, 19 C 329 which consist of the – where Respondent's license had lapsed and had pulled building permits within the three month or so until the license was renewed.

During the hearing, Respondent found: (1) Story Homes engaged in fraud or

deceit by failing to disclose the pending investigations by the Board on the license renewal, constituting a willful violation of N.C. Gen. Stat. § 87-(a) (2023); and, (2) Story Homes was grossly negligent, incompetent, and/or engaged in misconduct in allowing its building license to lapse from 1 March 2019 to 10 June 2019, constituting a willful violation of N.C. Gen. Stat. § 87-(a) (2023).

On 25 January 2023, Respondent issued a Final Agency Decision against Story Homes, which included: an eighteen-month suspension, constituting of six months active suspension and twelve months stayed suspension; a monetary fine of $15,000; and a requirement for Story Homes to take and pass the Level 1 Building Code Course.

On 9 February 2023 Petitioners filed a Petition for Judicial Review and filed a Motion to Stay the Final Agency Decision. The superior court held a hearing on Petitioners' motion to stay in February 2023. During the hearing the superior court allowed the motion to stay and stayed the Final Agency Decision until the adjudication of the Petition for Judicial Review.

The superior court affirmed the Final Agency Decision on 28 February 2025. Petitioners appeal.

## II.    Jurisdiction

This Court possesses jurisdiction pursuant to N.C. Gen. Stat. § 7A-27(b)(1) (2023).

## III.    Issues

Petitioners argue the final agency decision was arbitrary and capricious because: (1) the decision was unsupported by evidence proving the intent element and the decision misconstrued Petitioners stipulations of fact; (2) the punishment was disproportionate to the findings or evidence; and, (3) there was manifest unfairness when Respondent issued subpoenas seven days before the hearing and issued Petitioners' requested subpoenas after 5:00 p.m. the day before the hearing. Petitioners also argue the final agency decision was an error of law for Respondent to claim Petitioner had failed to disclose an investigation Respondent already knew about.

## IV.    Standard of Review

"The standard and scope of review for the trial court of an order of [an administrative hearing] is found in the provisions of Chapter 150B of the General Statutes, the Administrative Procedure Act." *Appeal of Harper*, 118 N.C. App. 698, 700, 456 S.E.2d 878, 879 (1995) (citing *In re Brown*, 56 N.C. App. 629, 630, 289 S.E.2d 626, 626-27 (1982)).

The North Carolina Administrative Procedure Act ("APA") outlines two separate standards of review to apply when reviewing an agency decision. Which standard of review to apply depends upon the appealing party's alleged errors and arguments before this Court. N.C. Gen. Stat. § 150B-51 (2023).

A *de novo* standard of review is applied if a party argues the agency's "findings, inferences, conclusions, or decisions are: (1) In violation of constitutional provisions;

(2) In excess of the statutory authority or jurisdiction of the agency or administrative law judge; (3) Made upon unlawful procedure; [or] (4) Affected by other error of law[,]" under the APA. N.C. Gen. Stat. § 150B-51(b)(1)-(4) and 51(c) (2023).

Under the *de novo* standard of review, the court " 'consider[s] the matter anew[ ] and freely substitutes its own judgment for the agency's.' " *Wetherington v. N.C. Dep't of Pub. Safety*, 368 N.C. 583, 590, 780 S.E.2d 543, 547 (2015) (citation omitted). Further, under the *de novo* standard of review, the appellate court "should generally defer to the administrative tribunal's 'unchallenged superiority' [as fact finder] to make findings of fact." *Early v. Cnty. of Durham, Dep't of Soc. Servs.*, 193 N.C. App. 334, 342, 667 S.E.2d 512, 519 (2008) (quoting *N.C. Dep't of Env't & Nat. Res. v. Carroll*, 358 N.C. 649, 662, 599 S.E.2d 888, 896 (2004)).

If the appealing party argues the agency's decision was "(5) Unsupported by substantial evidence admissible . . . in view of the entire record as submitted; or (6) Arbitrary, capricious, or an abuse of discretion[,]" this Court must apply the "whole record" test. N.C. Gen. Stat. § 150B-51(b)(5)-(6) and 51(c) (2023).

Under the whole record test standard of review, the court examines "the entire record, including the evidence which detracts from the agency's decision." *Walker v. N.C. Dept. of Human Resources*, 100 N.C. App. 498, 503, 397 S.E.2d 350, 354 (1990). Under the whole record test, the reviewing court determines whether an agency decision has a " 'rational basis in the evidence.' " *In re Greens of Pine Glen Ltd.*, 356 N.C. 642, 647, 576 S.E.2d 316, 319 (2003) (quoting *In re McElwee*, 304 N.C. 68, 87,

283 S.E.2d 115, 127 (1981)).

## V.    Arbitrary and Capricious

Petitioners argue the superior court erred in affirming Respondent's Final Decision. They assert the Board's Final Decision was based upon an improper interpretation of a stipulation by Petitioners at the hearing; no evidence shows Petitioners acted with fraud or deceit, or were grossly negligent, incompetent, or they engaged in any misconduct. Petitioners also assert the punishment was not proportional to the evidence presented and the findings of fact; and, Respondent's refusal to enforce procedural requirements related to Petitioners subpoenas, was arbitrary or capricious.

Petitioners carry the burden and "[t]he 'arbitrary or capricious' standard is a difficult one to meet." *Mann Media, Inc. v. Randolph Cty. Planning Bd.*, 356 N.C. 1, 16, 565 S.E.2d 9, 19 (2002) (citation omitted). A final administrative decision "is arbitrary and capricious if it was 'patently in bad faith,' 'whimsical,' or if it lacked fair and careful consideration." *Teague v. W. Carolina Univ.*, 108 N.C. App. 689, 692, 424 S.E.2d 684, 686 (1993) (citation omitted).

### A. Stipulations

Petitioners assert the superior court erred in upholding Respondent's final decision due to an improper interpretation of their stipulation at the hearing.

During the hearing, Respondent's chairwoman had asked the parties if there were any motions or stipulations. Petitioners' counsel replied, after introducing

himself for the record:

> The [Petitioners] are going to stipulate to three of the charges. We are going to stipulate to 19 C 326, 19 C 328, 19 C 329 which consist of the - - where [Petitioners'] license had lapsed and had pulled building permits within the three months or so until the license was renewed.
>
> We will likely asked (sic) [Guess] when [Guess] is called to testify a line of questions and testimony to basically ask for leniency in mitigation, but *we are stipulating to those charges.* (emphasis supplied)

Respondent's counsel responded:

> I'm fine with that as long as then if we're going to stipulate to those charges, then we stipulate to the admission of the evidence that proves those charges which would be Board Exhibit Number 2, Board Exhibit Number 3, Board Exhibit 4, Board Exhibit 5, Board Exhibit 6, and Board Exhibit Number 7, which are the exhibits that would be offered for those case files.

Petitioners' counsel did not object, and Respondent's chairwoman admitted those exhibits. "Stipulations are judicial admissions and are binding upon the parties absent well-established exceptions[.]" *Comstock v. Comstock*, 240 N.C. App. 304, 312, 771 S.E.2d 602, 609 (2015) (citing *Quesinberry v. Quesinberry*, 210 N.C. App. 578, 582, 709 S.E.2d 367, 371 (2011)). "Once a stipulation is made, a party is bound by it and he may not thereafter take an inconsistent position." *Moore v. Richard W. Farms, Inc.*, 113 N.C. App. 137, 141, 437 S.E.2d 529, 531 (1993) (citing *Rural Plumbing and Heating, Inc. v. H.C. Jones Construction Co., Inc.*, 268 N.C. 23, 31, 149 S.E.2d 625, 631 (1966)).

Petitioners assert the verbal stipulation was not an admission to the intent and willfulness elements of the charges. However, their stipulations in the hearing before the Board do not support this position. Petitioners' counsel stated, "we are stipulating to those charges" and did not qualify the stipulation. Petitioners counsel also did not object to Respondent's counsel's characterizing the stipulation and Respondent allowing the stipulation with the supporting exhibits. Petitioners' argument is overruled. *Moore*, 113 N.C. App. at 141, 437 S.E.2d at 531.

Petitioners further argue the agency decision was arbitrary, capricious, and an abuse of power. They assert no evidence supports the conclusion Petitioners had acted with fraud or deceit, or were otherwise grossly negligent, incompetent, or engaged in any misconduct. Respondent's counsel introduced unobjected evidence and exhibits to support all three charges during the hearing. Again, Petitioners argument is without merit. *Id.*

### B. Proportional Punishment

Petitioners argue the superior court erred by affirming Respondent's final decision. They assert the punishment was not proportional to the findings of fact or evidence presented to the Board during the hearing. Petitioners challenge the six months' active suspension, the twelve months' stayed suspension, and assert the monetary fine of $15,000 was not proportional to their merely allowing the license to lapse and checking the incorrect box on the renewal application.

Petitioners point to a proceeding before Respondent, wherein the license had

lapsed and the punishment imposed was a six-month's stayed suspension and a $5,000 fine. The very case Petitioners cite was a single complaint, and here there were three stipulated violations, where the fine imposed was for $5,000 each. This other single proceeding also did not involve a mischaracterization to Respondent of pending complaints, as Petitioners' proceedings involved. Petitioners failed to show reversible error and the superior court properly affirmed Respondent's final decision. *Moore* 113 N.C. App. at,141, 437 S.E.2d at 531.

### C. Subpoenas

Petitioners argue Respondent's omission and refusal to issue subpoenas resulted in manifest unfairness. Petitioners assert issuing subpoenas seven (7) days before the hearing resulted in a "trial by ambush." This timing purportedly forced Petitioners to scramble to request subpoenas of Respondent's witnesses, and their requested subpoenas were not issued until 5:00 p.m. the day before the hearing.

Contrary to Petitioners' assertion our Rules of Civil Procedure allow them to engage in discovery; Petitioners did not engage in any discovery. N.C. Gen. Stat. § 150B-39(a) (2023) ("Parties in a contested case may engage in discovery pursuant to the provisions of the Rules of Civil Procedure, [N.C. Gen. Stat. §] 1A-1.")

Also, contrary to Petitioners' assertion, the subpoenas were issued within the "three days of receipt or request" as is provided in 21 N.C.A.C. 12A.0827(a)(1)-(4). Petitioners' arguments are overruled. The final decision was not arbitrary and capricious.

## VI.    Failure to Disclose

Petitioners argue it was an error of law for Respondent to assert Petitioners had failed to disclose investigations Respondent was already aware of.

On its 10 June license renewal application, Story Homes answered "no" to Section 2, Question 3: "Is the licensee, any officer, principle [sic] shareholder, or member (if LLC) under investigation or engaged in any controversy with this Board or any other licensing, registration or certification agency that has not been previously disclosed to this Board?"  Story Homes answered "no" to Section 2, Question 3 on the license renewal application despite being on actual notice of Barbour's complaint against Story Homes.

Story Homes received notice of the complaints on or about 3 June 2019.  Our General Statutes forbid "giv[ing] false or forged evidence of any kind to the Board or to any member thereof in maintaining a certificate of license[.]  N.C. Gen. Stat. § 87-13 (2023).  Contrary to Petitioners' assertions, the purpose of the question is to compel full disclosure and a candid reply to Respondent when reviewing original or renewal applications.  Petitioners' argument is without merit and is  overruled.  *Id.*

## VII.    Conclusion

Petitioners have failed to show Respondent's final decision was arbitrary or capricious or affected by errors of law.  The superior court did not err in affirming Respondent's final decision.  The order of the superior court is affirmed.  *It is so ordered.*

- 11 -

AFFIRMED.

Judges HAMPSON and FLOOD concur.